## PHILLIPS et ux. v. UNITED STATES.
### No. 13491.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1951.

1. Taxpayers are husband and wife who filed their income tax returns on the community property basis. In 1941, the taxpayer-husband purchases three hundred acres of improved land in Texas, to be used as a ranch, which he stocked with cattle and which he named Ar-Lo Hereford Farm. On or about April 2, 1942 he made a gift of the land and cattle to his wife and daughter, by a duly recorded deed conveying to each of them an undivided one-half interest. He filed a gift tax return reporting the gift. In transferring ownership to his wife and daughter, taxpayer did not intend that they should operate the farm; he did intend that they should have the profits, and did not contemplate that losses might be sustained. Thereafter for the years 1942 through 1947 (when the farm was sold) partnership returns were filed by the wife and daughter, representing under oath that the farm was owned by them as equal partners.

Wentworth T. Durant, Truxton Shaw, Dallas, Tex., for appellants.

S. Dee Hanson, Sp. Asst. to the Atty. Gen., Frank B. Potter, U. S. Atty., O. Morris Harrell, Asst. U. S. Atty., Dallas, Tex., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to the Atty. Gen., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and STRUM, Circuit Judges.

JOSEPH C. HUTCHESON, Jr., Chief Judge.

Brought by appellants for a refund of income taxes, the question presented below, on the answer to which the judgment turned, was whether losses incurred in connection with the operation of a ranch were attributable to Phillips' wife and daughter, as a partnership, or to Phillips.

The district judge held that the partnership of wife and daughter was valid for federal income tax purposes, and that the losses were properly distributed between the wife and daughter, and, further, that, in any event, taxpayers are estopped to deny that this is so.

Taxpayer Phillips is here insisting that it was error to so hold. As material, the undisputed facts as stipulated and shown by the testimony are set out below.[1]

The Commissioner of Internal Revenue accepted these representations, and never questioned the existence and validity of the partnership.

By an instrument reciting that they were "doing business as Arlo Hereford Farms", the wife and daughter gave their accountant (Shaw) a general power of attorney to represent them before the Treasury Department in all matters pertaining to their federal tax liability for the years 1943 through 1945. The partnership return filed for the taxable year 1943 showed a net loss of $5,722.76, which loss was increased by the Internal Revenue Agent upon completion of his final audit in 1949. The partnership return for the taxable year 1944 showed a net profit of $1,074.21, which profit was changed to a net loss by the Internal Revenue Agent upon completion of his audit. These adjustments were accepted by the partners through their accountant, and the partnership losses as so adjusted

A reading of the facts and a consideration of taxpayers' contentions will show at once that this tax suit, involving a so-called family partnership, presents an odd quirk in that it is the taxpayer who is insisting that the partnership is not real and valid, the government that it is. It is the taxpayer who is invoking as applicable and controlling Commissioner v. Tower, 327 U. S. 280, 66 S.Ct. 532, 90 L.Ed. 670, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679. It is the commissioner who is distinguishing them and insisting that they are not controlling.

The taxpayer, in short, insists that if there had been profits and the taxpayer had been trying to divide the income under this claim of partnership, the commissioner would never have let him get by with the claim, because every element of a valid partnership is lacking. He insists, therefore: that, though he and the pseudo partners did at one time claim that it was a partnership, he may not be estopped thereby; that the case should be tried on its real facts and given its true result without regard to what he claimed or did not claim; that this has always been the case when the partnership claim is advanced in connection with profits, and the commissioner is attacking its validity; and that this same rule should be followed here.

The commissioner, in his turn, claims that, having put his wife and daughter up as partners, Phillips is estopped to claim the contrary, that the government takes the taxpayer as he represents himself to be, and he cannot play fast and loose, now you see it, now you don't, with the government.[2] In addition, the commissioner insists that, although his daughter did not seem to know much about the partnership and had never signed anything, and the taxpayer was really running the business, the facts remain: that he had conveyed the properties to, and had managed them in the interest and for the benefit of, his wife and daughter; that he had acquiesced in the accountant's view that they were a partnership, and in their making returns as such; and that, the court having found that they were, the decision ought not to be reversed.

We agree with the commissioner. Without concerning ourselves with the technical considerations put forward by appellant as effecting the partnership, the coverture of the wife, 32 Tex.Jur., par. 6, p. 223, and the minority of the daughter, 23 Tex.Jur., 743, but see Arnold v. Green, 5 Cir., 186 F.2d 18, we do not regard the question of partnership *vel non* either in law or in fact as important here. What is important is: that Phillips gave his wife

---

were distributed between the wife and daughter as partners. One-half of the wife's share of the adjusted partnership losses for 1943 and 1944 was deducted from the community income of the husband and wife for those years; the other half was deducted by the daughter from her individual income for those years. As a result of offsetting one-half of the 1944 partnership losses against her individual income, the daughter had no taxable income and thereby received a tax benefit. Any further assessment against the daughter is barred by reason of expiration of the period of limitations upon assessment as extended by agreement of the parties.

Thereafter taxpayers filed claims for refund of portions of the taxes paid by them for 1943 and 1944. The claims were predicated on the theory that taxpayer's gift and the ensuing wife-daughter partnership, "although valid under state laws, was not a partnership for

the purpose of determining Federal Income Tax liability"; that the filing of partnership returns was a mistake; and that instead of deducting from their community income only half of the business losses, taxpayers should have deducted the entire losses, including the half which had been allocated to the daughter as a partner. The claims were rejected by the Commissioner, and suit for refund followed. The District Court held that a valid partnership existed for federal income tax purposes, and that in any event taxpayers were estopped to deny its validity for tax purposes.

2. Planters Cotton Oil v. Hopkins, 5 Cir., 53 F.2d 825; Higgins v. Smith, 308 U.S. 473, 60 S.Ct. 355, 84 L.Ed. 406; Moline Properties v. Comm., 319 U.S. 436, 63 S.Ct. 1132, 87 L.Ed. 1499; Love v. U. S., Ct.Cl., 96 F.Supp., 919; National Carbide Co. v. Comm., 336 U.S. 422, 69 S.Ct. 726, 93 L.Ed. 779.

and daughter the land and cattle and operated them for their benefit; and that the profits and losses derived from those operations were treated as, and were, the profits and losses not of Phillips but of his wife and daughter.

In Alexander v. Comm., 5 Cir., 190 F.2d 753, this court so held as to profits from farm operations conducted by the father for the benefit of his son in building up a cattle business for the son from a start furnished him by the father.

If in that case the earnings were the earnings of the son, though the father handled the business for him; in this case the profits and the losses from the business were not those of Phillips, the husband and father, but of the wife and daughter who owned the property and in whose interest the operations were conducted.

The judgment was right. It is

Affirmed.