## CULBERTSON et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13544.

United States Court of Appeals
Fifth Circuit.

March 6, 1952.

Benjamin L. Bird, Fort Worth, Tex., for petitioners.

Theron L. Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Charles Oliphant, Ch. Cnsl. Bur. Int. Rev., John M. Morawski, Sp. Atty. Bur. Int. Rev., Washington, D. C., Harry Baum, Sp. Asst. to Atty. Gen., Robert M. Weston, Sp. Asst. to Atty. Gen., for respondent.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

When this case was here before,[1] the burden was on the taxpayer to show that the adverse findings and decision of the Tax Court was not supported by substantial evidence. Agreeing with the taxpayers that it was not, this court, in a thoroughly considered and carefully reasoned opinion, reversed the finding and decision of the Tax Court and the reversal was in principle sustained in the Supreme Court.

The record on this appeal contains no more, it perhaps contains less, evidentiary support for the Tax Court's adverse finding and decision this time than it did before, while the burden on the taxpayers to show "that the findings were clearly erroneous" is more easily borne.[2]

Matters standing thus, it is quite plain that the judgment of the Tax Court must be reversed for the reasons given in our former opinion and approved in the Supreme Court. We shall, therefore, not extend this opinion except to completely disclaim that we held on the former opinion, hold now, or ever did hold to "the opinion" mistakenly attributed to us on page 738 of the opinion of the Supreme Court in the Culbertson case, 337 U.S. 733, 69 S.Ct. 1210, at page 1212, 93 L.Ed. 1659: "The Court of Appeals, on the other hand, was of the opinion that a family partnership entered into without thought of tax avoidance should be given recognition tax-wise whether or not it was intended that some of the partners contribute either capital or services during the tax year and whether or not they actually made such contribu-

1. Culbertson v. Commissioner, 5 Cir., 168 F.2d 979.

2. Cf C. I. R. v. Nubar, 4 Cir., 185 F.2d 584, at 589; also Sanders v. Leech, 5 Cir., 158 F.2d 486 and U. S. v. U. S. Gypsum Co., 333 U.S. 364; 68 S.Ct. 525, 92 L.Ed. 746.

tions, since it was formed 'with the full expectation and purpose that the *boys would, in the future, contribute their time and services to the partnership.*' 5 Cir., 168 F.2d 979." (Emphasis supplied.)

With all deference, the above quotation from page 982 of our opinion, 168 F.2d, and the further quotation in the note from page 983,[3] do not, as their context shows, support the opinion erroneously attributed to our court.

The first quoted statement said nothing about the contemporaneous contribution of capital. There was no reason for the opinion to. It was established by the undisputed fact that the boys had contemporaneously furnished capital. The quoted statement dealt with, and only with, *services,* and this because of the Tax Court's contention that since the capital was not independently contributed by the boys, they must show services. What we said was that since the boys had furnished the capital and, but for being called into military service, would have furnished services, it could not be said that the partnership was not *bona fide.* The quotation from 168 F.2d at page 983, as the supplied emphasis shows, dealt not with contemporaneous furnishing by a partner of either capital or services but with tests attributed by us, on the same page, to the tax collecting agencies in effect *that a partner must contribute capital originating with him or render services to the partnership prior to the time he is taken into it.* We said of those tests that they were erroneous because equally effective, whether the capital or services are presently, or are later to be, contributed.

That this court did not entertain, and has never entertained, the "erroneous opinion", attributed to it, that a promise to furnish capital or services in the future will create a partnership before the promise is carried out, is made even more clear by what is said on page 984. There, after pointing to the intervention of the government in taking the boys into military service and preventing them from carrying out their agreement to render service, we said: "Income generally should be taxed to him who owns it. The Culbertson boys owned one-half the cattle that produced the income here". It is made clear, too, by what this court held and said in Scherf's case, Scherf v. C. I. R., 5 Cir., 161 F.2d at 497, et seq., and the uniform current of our opinions since. Cf. Batman v. Commissioner, 5 Cir., 189 F.2d 107.

For the reasons stated in, and upon the authority of, Culbertson v. Commissioner, 5 Cir., 168 F.2d 976, and Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, the decision and judgment of the Tax Court is reversed with directions to disallow the deficiencies.

---

3. "The court further said: 'Neither statute, common sense, nor impelling precedent requires the holding that a partner must *contribute capital or render services to the partnership prior to the time that he is taken into it.* These tests are equally effective whether the capital and the services are presently contributed and rendered or are later to be contributed or to be rendered.'" (Emphasis supplied.)