## TOMLINSON et ux. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 13961.

United States Court of Appeals Fifth Circuit.

Nov. 18, 1952.

John L. Westmoreland, Atlanta, Ga., Frederic D. Dassori and Dee R. Bramwell, Washington, D. C., for petitioners.

Fred E. Youngman, Special Asst. to Atty. Gen., Ellis N. Slack, Act. Asst. Atty. Gen., Mason B. Leming, Act. Ch. Counsel, Bur. Int. Rev., John M. Morawski, Special Atty., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

This is another of the long list of partnership tax cases in which the tax court, with a die-hard persistence in clinging to the objective tests laid down in Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, has twice found for the commissioner on undisputed facts which, under the rule of Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, require a contrary conclusion.

When this case was here before on the former appeal of the taxpayer, the opinion on which the tax court's judgment was based, after quoting from the Tower case,[1] [327 U.S. 280, 66 S.Ct. 537], declared that since Mrs. Tomlinson furnished no capital *originating with her* and *no vital services*, the partnership, though valid in Georgia, was not valid for tax purposes.

The Culbertson cases having by that time been decided, we sent the cause back to the tax court with directions [2] to reconsider the facts which were not at all in dispute, and, drawing the correct conclusions from them, in the light of the principles the Supreme Court had laid down in that case, make its decision; and the cause is here again with judgment again for the commissioner.

While in the opinion, which forms the basis for the judgment this time appealed from, Culbertson is referred to once or twice, and there is no mention of Tower and Lusthaus by name, the reasons given for adhering to the former conclusions are precisely the same as those given before. While, therefore, the tax court now apparently recognizes that the question to be decided is not the existence *vel non* of the objective tests which had been laid down in

the Tower case, but the subjective one, whether the parties really and truly intended to form a partnership for the present conduct of a business enterprise, it seems to think that the difference is not substantial but merely one of emphasis. Thus what was enunciated by the Supreme Court as a guide to decision, in the view taken of it by the tax court, becomes little more than mumbo jumbo, under which the tax court, in its determination of the existence *vel non* of a family partnership, was to proceed as before giving substantially the same effect to the objective tests laid down in Tower with the apparent finality of a legislative act.

Proceeding under this wholly mistaken view, the tax court begins the new opinion with the statement [3] which it paramounted in the first opinion, that Kate furnished no capital *originating with her*.

Proceeding to a discussion of the second test laid down in Tower, the furnishing of *vital services*, the opinion then proceeds to minimize and belittle the very valuable services Kate did furnish, and concludes with the finding which the tax court seems to think is implicit, if not expressed, in Tower, that for Kate's services to have been vital, they must have been at least the equivalent of services which would have been required of her if she had been seeking partnership with a stranger.

Examining the evidence with these fixed Tower requirements in mind the writer of the opinion comes up in effect with the profound conclusion that if Kate had not been his wife, Elwyn Tomlinson would not have made her his partner on the terms on which he actually did make her such, and that, therefore within the meaning of the taxing laws, Kate and Elwyn did not enter into a valid and *bona fide* business partner-

---

1. "There can be no question that a wife and a husband may, under certain circumstances, become partners for tax, as for other, purposes. If she either invests capital originating with her, or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U.S.C. §§ 181, 182, 26 U.S.C.A.Int.Rev.Code, §§ 181, 182."

2. 182 F.2d 938.

3. "The assets which Kate contributed, therefore, did not originate with her notwithstanding the statement in the agreement that she contributed 42/85ths of the assets. Actually all of the assets she allegedly contributed were available to and were used in the business before she executed the agreement."

ship. In so holding and ruling, the opinion went directly contrary not only to the teachings of, but to the precise rulings in, Culbertson's case.

As to the furnishing of capital originating with the wife, of which Tower had made so much, *the Supreme Court expressly ruled that this was not necessary.*

Similarly *as to the vital services test* applied by the tax court, that is that the validity of the partnership *vel non* would not be determined by inquiring whether the contract was one which would have been made if the parties were strangers, the Supreme Court flatly rejected such a test. It declared, on the contrary, in the Culbertson case, 337 U.S. at pages 744–745, 69 S.Ct. at page 1215, 93 L.Ed. 1659:

> "Unquestionably a court's determination that the services contributed by a partner are not 'vital' and that he has not participated in 'management and control of the business' or contributed 'original capital' has the effect of placing a heavy burden on the taxpayer to show the bona fide intent of the parties to join together as partners. But such a determination is not conclusive, and that is the vice in the 'tests' adopted by the Tax Court. *It assumes that there is no room for an honest difference of opinion as to whether the services or capital furnished by the alleged partner are of sufficient importance to justify his inclusion in the partnership. If, upon a consideration of all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each is of such value to the partnership that the contributor should participate in the distribution of profits that is sufficient. The Tower case did not purport to authorize the Tax Court to substitute its judgment for that of the parties*; it simply furnished some guides to the determination of their true intent. * * *" (Emphasis supplied.)

It is thus apparent, that, based, as they are, on a misunderstanding of the Culbertson opinion and a failure to apply the principles it laid down, the conclusions on which the judgment below was based may not stand and that the judgment must be reversed.

Because the unsupported facts are all fully set out in the two opinions of the tax court and because, in addition to the full discussion of the applicable law in the Culbertson case, the cases which have been recently decided by us have clearly and correctly stated the law, it will serve no useful purpose for us to either set the facts out in detail or further discuss the law.

As to the facts, it will suffice to say that the undisputed facts disclose a formal partnership between husband and wife, valid under Georgia law, and under the Federal Income Tax laws, in which both bound themselves to conduct a business enterprise, an automobile business, and to which husband and wife each was to, and did, contribute the capital and services agreed upon by each as their contribution to the partnership.

As to the law, it will be sufficient to refer, as authoritative here to the Culbertson case and to some of the cases decided by this court [4] since Culbertson's case. In Alexander v. Commissioner, this court, fully canvassing the law, thus declared the true test to be applied:

> "It, therefore is, and remains, true that the acid test for determining the question of the reality and validity vel non of a family partnership is to be found in the answer to the question: Was the arrangement real, honest and bona fide, so that all the ordinary incidents and effects of an agreement of partnership flow, each partner bound for the losses, each sharing in the profits, in accordance with his agreement? If the answer is yes, whatever may be found to be the intent or result taxwise, there was a partnership. By the same token, if the answer is that

---

4. Ginsburg v. Arnold, 5 Cir., 185 F.2d 913; Arnold v. Green, 5 Cir., 186 F.2d 18; Batman v. Commissioner, 5 Cir., 189 F. 2d 107; Alexander v. Commissioner, 5

Cir., 194 F.2d 921; Seabrook v. Commissioner, 5 Cir., 196 F.2d 322; and Culbertson v. Commissioner, 5 Cir., 194 F.2d 581.

the agreement was not real, with the intent and result that a partnership be created but a sham, a fraud or a pretense, so that the reality behind the partnership form when unmasked shows itself to be the contrary of what was pretended, there is no partnership, whatever may have been the intent or result taxwise." [194 F.2d 924.]

Again, in Seabrook v. Commissioner, this court employing the same test, laid the law down with clarity and finality.

The judgment of the tax court is reversed and the cause is remanded to that court with directions to enter judgment for the taxpayer and to recompute the deficiencies accordingly.