## MOULTON v. UNITED STATES.
### Civ. No. 462-P.

United States District Court
N. D. Florida, Pensacola Division.
Jan. 14, 1953.

E. Dixie Beggs, of Yonge, Beggs & Lane, Pensacola, Fla., for plaintiff.

George Earl Hoffman, U. S. Atty., Pensacola, Fla., for defendant.

DE VANE, Chief Judge.

This is an action to recover $8,094.52, with interest, and $8,157.54, with interest, alleged by plaintiff to be the amounts by which he overpaid his individual income taxes for the years 1945 and 1946, respectively.

The principal cause of the deficiency assessments for the aforesaid taxes was the reallocation to plaintiff of his wife's distributive share of the income from the P & S Apothecary and Moulton's Apothecary in which plaintiff alleges she was a partner. As the facts with reference to each partnership are somewhat different they will be separately stated.

P & S Apothecary: There were three members of this partnership, viz., plaintiff, W. W. Moulton, Mrs. Moulton, his wife and Marshall W. Wigham. At the outset this partnership was organized by Moulton and Wigham, the former owning a three-fourth's and the latter a one-fourth interest in the same. Wigham was the managing partner under the partnership agreement and received a monthly salary treated as an expense of the business and the remaining profits were divided between the partners in accordance with their ownership. On December 31, 1943, plaintiff executed a bill of sale conveying to Mr. Wigham an additional one-twelfth interest in this partnership and a second bill of sale conveying a one-third interest to his wife. A new partnership agreement was executed between the three partners by which Mr. Wigham was continued as the managing partner receiving a monthly salary treated as an expense of the business and the remaining profits were divided equally between the three partners.

Moulton's Apothecary: For some years prior to January 1, 1944 plaintiff had owned and operated Moulton's Apothecary. On December 30, 1943 he executed a bill of sale conveying one-half interest in this business to his wife and on December 31, 1943 he and his wife executed a partnership agreement under the terms of which agreement the management of the business was entrusted to plaintiff and he received a monthly salary to be treated as an expense of the business and the remaining profits were divided equally between the two partners.

This suit grows out of the fact that the Collector of Internal Revenue refused to

recognize the validity of the agreements between plaintiff and his wife conveying to her the interest she acquired in each of these businesses.

The circumstances leading up to these partnership agreements may be better understood by a brief history of the development of the businesses. Plaintiff graduated as a pharmacist and came to Pensacola in 1929. He first worked as pharmacist for different druggists in that city. He later became associated with a Mr. Cobb in the drug business and about this time he was married. This business association with Mr. Cobb continued until about 1939 when plaintiff opened Moulton's Apothecary and became the sole proprietor of this business. In 1941 or 1942 plaintiff opened the P & S Apothecary and associated in this business Mr. Marshall W. Wigham as his partner. Both businesses were operated successfully and profitably and plaintiff was able to and did acquire certain real estate prior to the time his wife became a partner with him in the two apothecaries. The title to all real estate acquired by plaintiff during this period was taken in the joint names of himself and wife as tenants by the entirety. During this period plaintiff could not take his wife into the apothecary operations due to her disabilities of coverture under Florida law. The 1943 Legislature removed the disabilities of coverture to the extent of expressly authorizing a husband and wife partnership. See, Section 708.09, F.S.A.

Following the conveyance to his wife of the one-third interest in the P & S Apothecary and the one-half interest in Moulton's Apothecary at the end of 1943 plaintiff reported to the Collector of Internal Revenue the gifts he had made his wife of these partnership interests and paid a gift tax thereon. The Collector thereafter increased the value of the gifts and on March 27, 1946 levied a deficiency tax of $1,856.09 against plaintiff, which deficiency plaintiff paid. The parties also complied with the requirements of Section 865.09, F.S.A. as to the creation of these partnerships. The two partnerships were succeeded on July 1, 1946 by corporations bearing similar names and stock was issued to the partners in each firm in proportion to the partnership interest of each therein and the stock was still held in that proportion on the date of the trial of this case.

The assessments of the alleged deficiencies against plaintiff were made prior to the decision of the Supreme Court in Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659 and the many decisions of the Court of Appeals, Fifth Circuit following the Culbertson case, which will be referred to later in this memorandum decision. Notwithstanding these decisions, counsel for defendant is vigorously contesting the right of plaintiff to recover in this case and presses for a decision in defendant's favor upon the "objective tests" laid down in Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670.

Counsel for defendant does not deny the legality of the partnership agreement between plaintiff and his wife under Florida law and in answer to a question posed by the court to counsel for the respective parties, at the conclusion of the evidence, counsel for defendant answers this question in its brief filed with the court, as follows:

"Compliance with the requirements of State law does not of itself establish the existence of a valid partnership for *federal income tax purposes*, but the existence of such a partnership is to be decided by considering all the facts to determine whether the parties in good faith and acting with a business purpose intended to join together in the present conduct of the enterprise." (Emphasis supplied.)

This statement of counsel for defendant is supplemented and supported by urging the following "tests" to be applied by the court in determining the issues in this case:

1. "Services contemplated and actually contributed by the taxpayer's wife were so minor and clerical in nature as not to justify the inference that the parties in good faith intend-

ed that she join in the conduct of the enterprise."

2. "The taxpayer's wife exercised no dominion or control over the capital interest in either partnership of which she was supposedly the donee."

Obviously these were the "tests" laid down in Commissioner of Internal Rev. v. Tower, supra, and later overruled in Commissioner of Internal Rev. v. Culbertson, supra. The controlling tests to be applied in cases of this character as announced by the Supreme Court of the United States in Commissioner of Internal Rev. v. Culbertson, supra, have been so frequently reannounced and reaffirmed by the Court of Appeals, Fifth Circuit that it seems futile to this court to labor this question. Turner v. Commissioner, Court of Appeals, 5 Cir., 199 F.2d 913; Tomlinson v. Commissioner, 199 F.2d 674; Seabrook v. Commissioner, 5 Cir., 196 F.2d 322; Culbertson v. Commissioner, 5 Cir., 194 F.2d 581; Alexander v. Commissioner, 5 Cir., 194 F.2d 921; Batman v. Commissioner, 5 Cir., 189 F.2d 107; Arnold v. Green, 5 Cir., 186 F.2d 18; and Ginsburg v. Arnold, 5 Cir., 185 F.2d 913.

There is some conflict in the evidence as to the extent of the services contributed by Mrs. Moulton in the operation of Moulton's Apothecary over the years. Both plaintiff and his wife testified that her services had been extensive and valuable. This testimony was to some extent rebutted by cross-examination of plaintiff and his wife by counsel for defendant. In addition, defendant called one of its agents who testified that an employee of Moulton's Apothecary told him that Mrs. Moulton worked in the store only during the noon hours and rush periods.

While the testimony as to the actual services rendered by Mrs. Moulton, if that is considered of importance in this case, does not show that it has been extensive, the court is of the opinion that the extent of her services is entirely immaterial in this case. She acquired full and complete legal title to the property she contributed to the partnership and this acquisition and contribution entitled her to participate in the profits of the partnerships. Moreover, as pointed out above, both plaintiff and his wife appeared as witnesses in this case and in its observation of the two witnesses on the stand the court is of the very definite opinion that plaintiff, during his married life, has been a very fortunate man in having as his helpmate a woman possessing the capabilities possessed by his wife. It is the courts' opinion that plaintiff's wife deserves a large part of the credit for the business success of plaintiff.

The court finds and holds that plaintiff is entitled to recover in this case and a final judgment in his favor will be entered in conformity with this memorandum decision.