### MARCUS et al. v. COMMISSIONER OF INTERNAL REVENUE.

No. 13992.

United States Court of Appeals Fifth Circuit.

Feb. 18, 1953.

Edmund L. Brunini, Vicksburg, Miss., Brunini, Everett, Grantham & Quin, Vicksburg, Miss., for petitioners.

Louise Foster, Carolyn R. Just, Sp. Assts. to Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Mason B. Leming, Acting Chief Counsel, Bur. Int. Rev. and John M. Morawski, Sp. Attorney, Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from a decision of the tax court determining deficiencies in income taxes for the calendar years ending December, 1943, 1944, and 1945. It presents for our decision the single question whether the tax court erred in finding and holding that the petitioners did not in good faith form a valid partnership with their wives within the holdings and teachings of Culbertson v. Commissioner, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, and the cases from our court[1] construing and applying the income tax laws in accordance with the principles that case lays down.

Another in the long line of family partnership cases, in which a deficiency having been incorrectly determined by the commissioner and as incorrectly redetermined by the tax court, upon the authority of Tower

and Lusthaus[2] and by the mechanical and rigid application of their so-called tests, this is perhaps the last of such cases which will have to be dealt with by this court. Cf. Clarence B. Ford, 19 T.C. 29.

In par. IV-B of their petition to the tax court, filed May 2, 1949, the complaining taxpayers alleged that the commissioner, in allocating to them the portions of the income belonging to their wives as partners in the Marcus Furniture Company, had erroneously predicated his determination "upon the principles enunciated in the now famous Tower and Lusthaus cases."

The commissioner, in his answer filed June 13, 1949, thus pleaded to the soft impeachment, "Admits that respondent relies upon Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, and Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679, for his position set forth in the statutory notice of deficiency * * *, that Mrs. Reva K. Marcus and Mrs. Rosalie P. Marcus were not members of the partnership."

Further, when the case was heard and decided in the tax court, though the opinion in Commissioner v. Culbertson, supra, had by then come down and the Supreme Court had in it clarified the meaning and effect of those decisions and pointed out the error of commissioner and tax court in interpreting and applying their so-called tests, the case was heard and decided by the tax court judge as though this had not been done.

Apparently ignoring the limiting and clarifying effect of the Culbertson decision upon these so-called tests, the tax court judge stated, at Record p. 127:

"* * * the question of law has been set forth by the Supreme Court in the Tower and Lusthaus cases and lately in the Culbertson case, and I presume you know what the tests are which have been laid down in those cases."

---

1. Tomlinson v. C. I. R., 5 Cir., 199 F.2d 674; Turner v. C. I. R., 5 Cir., 199 F.2d 913; Commissioner v. Culbertson, 5 Cir., 194 F.2d 581; Alexander v. C. I. R., 5 Cir., 194 F.2d 921; Seabrook v. Collector, 5 Cir., 196 F.2d 322.

2. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679.

Again, at Record p. 55, she stated:

"Another relevant factor is that the evidence shows that no capital not available for use in the business was brought into it by the alleged inclusion of the wives as partners."

It was, therefore, inevitable that, in her approach to the decision of the case, it was not the voice of Culbertson which guided her but the dead hand of Tower and Lusthaus, as commissioner and tax court, even after Culbertson, had persisted in misinterpreting and misapplying them.

3. The petitioners and their wives are partners under the laws of Mississippi, operating a retail furniture establishment in Vicksburg, Mississippi, petitioners being general, their wives limited, partners. The petitioners and their wives disclosed income from the retail furniture establishment known as Marcus Furniture Company upon a Partnership Return and paid their personal income taxes on the proportionate share of profits received from the business.

The Commissioner of Internal Revenue determined that the income from the operation of the Marcus Furniture Company was entirely taxable to the petitioners and that no partnership existed with the wives. The tax court sustained the contention of the respondent, Commissioner of Internal Revenue.

More than sixty years ago, S. Marcus, the father of the petitioners, founded a retail furniture establishment in the City of Vicksburg, Mississippi, known as the S. Marcus Furniture Company, and operated it there for over fifty years. Dying on August 5, 1940, he left surviving him his wife and three children, the petitioners and a daughter, then residing in California, but now deceased.

The will made the petitioners the executors of his estate. Further: it provided for stipulated monthly payments to his wife and daughter; made specific legacies to appellants; and devised to them certain residences which they had been occupying as their homes. The residue of the estate, which included the retail furniture business which had been conducted by S. Marcus and 16 parcels of real estate was bequeathed share and share alike to the sons.

On May 17, 1941, petitioners conveyed to their respective wives an undivided one-fourth interest in the real property and in the retail furniture business which had been inherited from their father.

It was inevitable, too, that, so guided, she would, in the face of the undisputed facts:[3] that the partnership was a limited one under Mississippi law, Sec. 5560, 1942 Code of Mississippi; that each wife furnished one-fourth of the capital as she had agreed in writing to do; and that the business was one dependent for its earnings upon the contributions of capital made by each partner; affirm the commissioner's determination, under the Tower and Lusthaus cases as interpreted and applied by him, that there was no valid partnership.

On the same date, petitioners executed an agreement of partnership with their wives under which: they were to be general, their wives limited, partners; their liability limited to the capital contributed; each partner to receive one-fourth of the net profits; and the general partners to draw salaries in addition. Both instruments were duly recorded with the Chancery Clerk of Warren County, Mississippi.

From 1941 to date the business has been conducted under the recorded partnership agreement.

Petitioner Isadore Marcus came into his father's business in 1915. Petitioner Herman Marcus came to work for his father around 1924. Petitioners devoted their full time and attention to the S. Marcus Furniture Company. Both Herman and Isadore Marcus, petitioners, worked for their father on a small salary and were never partners in the business with their father.

From the date of death of S. Marcus the petitioners operated the business as Executors until a partnership arrangement was formed on Jan. 1, 1941.

The books of S. Marcus Furniture Company were closed and new books opened upon the Marcus Furniture Company partnership in the name of petitioners and their two wives.

Withdrawal accounts were opened for the four partners as of Jan. 1, 1942. These withdrawal accounts show frequent use by the partners.

The partnership was declared both by the filing of the Partnership agreement and the Chancery Clerk of Warren County, Mississippi, and thus becoming part of the official public records, and also by declaring the partnership to the banking institution with which the establishment had done business and to the various credit agencies, Dun and Bradstreet and Lyon Mercantile Co.

Pointing all these things out to us as the record reveals them, petitioners are here insisting that the judgment appealed from was arrived at by the application of wholly erroneous tests and may not stand.

■ We agree. The record undisputedly establishes: that, upon the death of their father, valid gifts of property were made by petitioners to their wives; that a limited partnership, valid under the Mississippi statutes, was created; that the wives contributed to the partnership the amount or value they had agreed to contribute; and that thereafter the business was conducted as a limited partnership, the parties each reporting, as his or her income, the distributive share of the net profits belonging to each in accordance with the agreement.

This being so, it is not at all material, as the tax court judge seemed to think it was, that the capital the wives contributed to the partnership came to them as gifts from their husbands or that the wives did not, as indeed they could not under Mississippi limited partnership laws, exercise any management or control over the business. Contrary to the view of the tax court judge, it is also immaterial that in drawing cash from the business for their personal use, the partners did not draw equally. These were matters merely of bookkeeping. In view of the undisputed fact, that the agreement was in writing and recorded, what is material here is not what each partner did in fact draw from the business for his or her own use, but what, under the contract, each was entitled to draw.

■ Particularly is it true that it was not for the commissioner and the judge to substitute their ideas for what the partners ought, in creating the partnership, to have provided in respect to sharing its profits. This, as the Supreme Court, in the Culbertson case, and we, in later cases, have pointed out, was for the determination of the partners if made by them in good faith, that is as a reality and not as a sham.

■ Because in recent cases decided by us we have repeatedly pointed out and made clear the error of tax court and commissioner in persisting in this way of thinking, despite the decisions of the Supreme Court and

of this court, and the reports of the Finance Committees of Senate and House, we will not further labor the matter here. Referring to the Culbertson case and the cases from our court cited in note 1, supra, and to the decision of the tax court, speaking this time through Judge Black, in Clarence B. Ford Estate, supra, we will content ourselves with saying that the record affords no basis for the determination of commissioner and tax court that deficiencies exist, and that the judgments must be reversed with directions to disallow the deficiencies.

Reversed with directions.