**BUERGER v. UNITED STATES.**
**No. 887.**

United States District Court
S. D. Alabama, S. D.
Sept. 29, 1953.

John E. Adams, Adams & Gillmore, Grove Hill, Ala., Vincent F. Kilborn, Mobile, Ala., for plaintiff.

Elizabeth Davis, Sp. Asst. to Atty. Gen., Washington, D. C., Percy C. Fountain, U. S. Atty., Mobile, Ala., for defendant.

THOMAS, District Judge.

This is an action under Section 1346, Title 28 U.S.C.A., claiming refund of income taxes alleged illegally collected from the plaintiff for the period January 1, 1942, to December 31, 1944. The taxes in question were based upon deficiency assessments against the plaintiff and were paid to the Collector in Birmingham, Alabama. Since the Collector to whom the deficiency assessments were paid is no longer in office, suit for refund was instituted against the United States.

The basis for the deficiency assessments was the reallocation to the plaintiff of his wife's and daughter's distributive share of the income from the City Sales Company and L. E. Buerger & Company, in which companies the plaintiff alleges that he, his wife, and daughter were partners.

By stipulation of counsel, the proceedings in the Tax Court of the United States in a companion case were introduced in evidence. The questions presented are: (1) the validity of the alleged partnership in City Sales Company; (2) the validity of the alleged partnership in L. E. Buerger & Company; and (3) the applicability of the statute of limitations on the filing of claims for refund, in so far as the amended claim for refund relates to the L. E. Buerger & Company partnership.

It appears fitting to give a brief résumé of the birth and growth of the enterprise around which this controversy centers.

The plaintiff in 1921 was employed as an outside salesman at a salary of $50 per week, and at the same time was supplementing his income in an approximately equal amount from other sources. Due to a promotion to inside work, with no increase in salary, he was unable to continue to supplement his income, thereby sustaining a considerable loss. He had no accumulated savings. After consultation with his wife, it was decided that he would leave his employment and enter the field of business on his own ac-

count; and that to aid in this venture Mrs. Buerger would seek employment to supplement the limited withdrawals that could be made from the new business. These plans materialized in April 1921, when Mrs. Buerger secured employment at a local bank and Mr. Buerger began the operation of a modest brokerage concern known as Southern Brokerage Co. His withdrawals from the business were limited to $30 per week.

This program was continued for six months, after which time Mr. Buerger and Mr. Scott (who was also in the brokerage business) entered into a partnership agreement and began operating under the style of City Sales Company. To facilitate this consolidation and to equalize the interest of the two partners, Mr. Buerger paid to Mr. Scott $1,650, which sum was paid in monthly installments from Mr. Buerger's profits in the partnership, after the withdrawal by Buerger of $30 per week.

In 1923, Mr. Scott indicated his desire to dispose of his interest. In furtherance of this desire, he entered into an option with Mr. Buerger to sell his interest to Buerger for $5,000, upon payment of $2,000 cash and the balance at the rate of $250 per month. To enable Mr. Buerger to exercise the option, Mrs. Savage (Mrs. Buerger's mother) signed a $2,000 note with Mr. Buerger at the Peoples Bank of Mobile, at which bank she also guaranteed his line of credit in the amount of $10,000. It may be noted that Mrs. Savage was not called upon to make any payment on either account.

After having worked something over two years, during which time the transactions described above transpired, Mrs. Buerger left her employment due to pregnancy with their second child. She has not thereafter been gainfully employed.

City Sales Company proved a very successful enterprise. The business was operated as a sole proprietorship until June 1940, at which time plaintiff, by written instrument of gift, gave an undivided one-half interest to his wife. At the same time, articles of partnership were entered into between Mr. and Mrs. Buerger.

That partnership between Mr. and Mrs. Buerger is before the Tax Court in a companion case; but the validity of the partnership in the instant case turns in part upon the validity of the June 1940 partnership; hence, the validity of that partnership must be here determined.

The partnership, the validity of which is in question in the instant case, was formed December 31, 1941, between the plaintiff, Mrs. Buerger, and Cleo Buerger (their daughter). To effect this partnership, Mr. and Mrs. Buerger, by written instrument of gift, each gave to Cleo Buerger a one-sixth undivided interest in the partnership which had been formed in June 1940; also, by instrument of even date, articles of partnership were executed by and between the three partners.

### Findings of Fact

1. Mr. Buerger's entry into business on his own account was made possible by the financial assistance rendered by Mrs. Buerger in caring for the financial needs of the family.

2. The City Sales Company, though operated as a sole proprietorship, was considered by Mr. and Mrs. Buerger as a family enterprise. Their intentions and desires were that in later years the children would be brought into the business as partners.

3. In June 1940, Mr. Buerger by instrument of gift gave his wife a one-half undivided interest in the City Sales Company. Shortly thereafter, articles of partnership were executed by and between them. It was their intention to give legal effect to the division of ownership which as between them had always been considered to exist. Regardless of whether such interest in Mrs. Buerger had in fact existed, the gift was complete and irrevocable in its terms, being sufficient, in the absence of a showing to the contrary, to vest legal title. Shortly thereafter, banking connections, Dun & Bradstreet, and major creditors were

notified of the change in the ownership of the enterprise. This change was reflected in the records and reports of these institutions and in the records of the City Sales Company. There was no change in the operation of the business, although the plaintiff, both prior to and after the formation of the partnership, did discuss with his wife the financial condition of the business and various matters relating to its operation. The profits from operation were equally divided between the partners, such distribution being evidenced by the partnership and individual tax returns.

4. On December 31, 1941, Mr. and Mrs. Buerger, by written instrument of gift, each gave to Cleo Buerger, their daughter, an undivided one-sixth interest in the partnership formed in 1940. By instrument of even date, articles of partnership were executed by and between the three partners. Business operations continued as before. Banking connections, Dun & Bradstreet, and major creditors were notified of the change in ownership of the enterprise. This change was reflected in their records and in the records of City Sales Company. Neither Mrs. Buerger nor Cleo Buerger actively participated in the operational phase of the business, but financial and business conditions were discussed among the partners. The accounts of each partner were set up on the books of the City Sales Company, and the profits from business operations were equally divided and credited to the respective accounts. This is evidenced by the books of the partnership and by the partnership and individual tax returns.

5. With the making of each gift heretofore mentioned, the appropriate gift tax return was filed by the donor and the donee, and the gift tax liability in each instance was discharged.

6. The plaintiff, according to the terms of each partnership agreement herein referred to, agreed to devote his full time and attention to the business and to act as general manager. For the six months of the year 1940, plaintiff, because of an alleged bookkeeping error, received no additional compensation for these duties. During the remaining years in question (1941–1944), he received $100 per week for his services as manager; and this compensation was treated as an expense of the partnership.

7. Each partnership agreement was for a specified duration, unless sooner dissolved by the consent of all parties, and contained therein were provisions for dissolution after the specified period upon the desire of any partner. It was further provided that at the expiration of the year, the balance of profits found due to each partner could be withdrawn.

8. It does not appear that there was any reservation or restriction placed upon the gifts in question, or upon the profits derived from partnership operations.

9. During the period here involved in the tax controversy, there were substantial withdrawals from the partnership by both Mrs. Buerger and Cleo Buerger. Part of these withdrawals were for the purpose of making equal gifts by the partners to the two other members of the family who were later admitted to the partnership; but it does not appear that these gifts were not of the free will of the donor.

10. City Sales Company is, and was at all times in question, a wholesale grocery concern. Large capital requirements were necessary to provide an inventory with which to carry on profitable operations and to avail itself of trade and commercial discounts; hence, it is evident that the capital employed was an important factor contributing to the success of the business. This capital, though acquired by inter-family gifts, was equally contributed by the partners of their own volition.

11. It was the intention of the partners to enter into a partnership and to operate the same with a business purpose.

12. L. E. Buerger & Company was an alleged investment partnership, dealing in stocks and bonds. Upon the trial of the case, it was shown that purchases by

L. E. Buerger & Company were made by check drawn on City Sales Company. The only written instrument relating to L. E. Buerger & Company was a trading power on file with Merrill, Lynch, Pierce, Fenner & Beane, authorizing Mr. Buerger to handle the account. This power was signed by Mr. and Mrs. Buerger, and Cleo Buerger. A partnership tax return was filed by L. E. Buerger & Company, showing equal division among the partners. The profits derived from L. E. Buerger & Company were not treated as profits of City Sales Company, and there was nothing to indicate that any relationship existed, other than the fact that the same persons were listed as partners.

13. The original claim for refund filed by Mr. Buerger did not allude to any connection that might exist between City Sales Company and L. E. Buerger & Company. This claim did not operate to put the Bureau of Internal Revenue on notice as to the claim for refund based on the validity of the L. E. Buerger & Company partnership. The claim for refund on the L. E. Buerger & Company partnership is now sought to be brought in as an amendment to the original claim. As there was no apparent relationship between City Sales Company and L. E. Buerger & Company, the amendment must stand or fall upon the basis of an original claim. Upon this finding, the purported amendment must be denied as being barred by the statute of limitation.

### Conclusions of Law

1. Jurisdiction is conferred upon the court by virtue of 28 U.S.C.A. § 1346.

2. The fact that capital contributions originate from inter-family gifts does not prevent the formation of a valid partnership by the use of such capital where the gifts are unconditional and irrevocable. Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659; Ginsburg v. Arnold, 5 Cir., 185 F.2d 913; Seabrook v. Commissioner of Internal Revenue, 5 Cir., 196 F.2d 322; Tomlinson v. Commissioner of Internal Revenue, 5 Cir., 199 F.2d 674; Marcus v. Commissioner of Internal Revenue, 5 Cir., 201 F.2d 850.

3. The fact that a member does not actively participate in the operation of the partnership does not, in and of itself, render the partnership invalid. Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659; Tomlinson v. Commissioner of Internal Revenue, 5 Cir., 199 F.2d 674; Marcus v. Commissioner of Internal Revenue, 5 Cir., 201 F.2d 850; Ford, 19 T.C. 200.

4. In determining the actuality of dominion or control over profits, the question to be decided is what the parties had the right to do. If, in fact, the right to the profits was vested in the several partners, the fact that the profits were not withdrawn is not controlling. Marcus v. Commissioner of Internal Revenue, 5 Cir., 201 F.2d 850.

5. The validity of a partnership for tax purposes is to be determined by an examination into, and consideration of, all the material facts relating to the formation and conduct of the alleged partnership. Then, based upon the entire picture, the question to be decided is: Did the parties enter into a valid agreement with the intent and purpose to operate the enterprise as a bona fide partnership? Cases cited supra.

6. Applying the principles set forth in Commissioner v. Culbertson and later decisions to the facts disclosed upon the trial of this action, it is the opinion of the court that Mr. Buerger, Edwina Buerger, and Cleo Buerger joined together as partners with the intent and purpose to operate the City Sales Company as a bona fide partnership and that the partnership is valid for all purposes, including purposes of taxation.

7. The plaintiff has met the legal burden imposed upon him of showing that it was the intent and purpose of the parties involved to join together as partners in the operation of the business.

8. The purpose of a claim for refund, or an amendment thereto, is to advise the proper official of the demand asserted by the claimant. Hence an amendment may not assert a new claim based on a matter which does not come within the purview of the original claim. United States v. Felt & Tarrant Manufacturing Company, 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; United States v. Andrews, Executrix, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398.

9. Though the funds on which L. E. Buerger & Company operated were withdrawn from the City Sales Company, an amendment to include the disallowance of the L. E. Buerger & Company partnership may not be appended to an original claim predicated upon the disallowance of the City Sales Company partnership, where the original claim did not indicate the existence of any connection between the two partnerships. United States v. Andrews, Executrix, 302 U.S. 517, 58 S.Ct. 315, 82 L.Ed. 398.

10. Since the time within which a claim for refund could have been filed had expired prior to the filing of the purported amendment, such amendment when considered as an original claim, must be denied.

An appropriate order in accordance herewith will be entered.