## LEVIN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 14, Docket 22300.

United States Court of Appeals
Second Circuit.

Argued Oct. 14, 1952.

Decided Nov. 12, 1952.

Alfred M. Saperston, New York City, for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., and Carlton Fox, Sp. Asst. to Atty. Gen., for respondent.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

CHASE, Circuit Judge.

In his income tax return for the calendar years 1944 and 1945, the petitioner reported as part of his gross income only a portion of the net income of a business known as the Bernard Company. He did so on the ground that his interest in the business was only that of a partner with his wife, a daughter and a son, Richard. The Commissioner determined a deficiency for each year by including the entire net profit of the business in the gross income of the petitioner. The Tax Court redetermined the deficiencies by excluding the pro rata share of the business income of the wife and daughter but upheld the Commissioner's taxing to the petitioner the share which the latter had attributed to his son.

In so doing, the court found that the petitioner had formed a bona fide partnership with his wife and daughter as of April 1, 1943 but that there had been no intent to include the son as a partner.

The evidence was undisputed that the business of the Bernard Company had been

owned by a corporation in which the petitioner, his wife, daughter and son were the sole stockholders. The shares owned by the wife and son had been given to them by the petitioner, and those owned by the daughter had been given to her by her mother out of the shares she had received from her husband, all at a time before there was any thought of the formation of a partnership. It later became evident that, because the corporation had no base period, excess profit taxes would make corporate operation too costly and on March 29, 1943 the petitioner with his wife and daughter met with an accountant and an attorney to consider plans for a partnership. The son was not present, being then in college, but before a partnership agreement was drawn he was consulted several times by the attorney by telephone.. During April 1943 a partnership agreement was drawn and was signed by the petitioner and the above mentioned members of his family as of April 1, 1943.

It was then contemplated that the petitioner and his wife and daughter were to perform services for the partnership but that the son was not until his education was completed.. The petitioner was to receive annually $6000. the wife $1560. and the daughter $2080. in return for their services before there was any distribution of profits. They were to receive only a pro rata share of such amounts in any year in which the profits of the business were insufficient to pay them in full and any deficit was to be made up out of profits in succeeding years as and when they should become available. The remainder of any profits were to be distributed 40% to the petitioner and 20% each to the wife, son and daughter. Losses were to be shared in the same proportion. The petitioner was made the managing partner and his business decisions bound them all. It was originally provided that the partnership capital should be $3000. to be contributed $1200. by the petitioner and $600. each by the others. This was when it was planned to have the business conducted in part by the corporation and in part by the partnership, but this arrangement was soon found to be impractical and the corporation was liquidated at the end of 1943.

Meanwhile, it had been decided to increase the capital of the partnership to $12,500. of which the petitioner was to contribute $5000. and the others $2500. each. The daughter had loaned $300. to the corporation and the son $400. of which he had been repaid $100. On April 17, 1943, the corporation paid these loans and the daughter and the son each invested their payments in the partnership. The remainder of the $2500. which each contributed to the partnership came from their share of the assets of the corporation which was liquidated. The entire $2500. contributed by the wife came from such assets. In September 1945, the daughter went to college and during the taxable years here involved worked in the business only during vacations. For that she was paid a salary but not that provided in the partnership agreement since she was paid only for the time she worked.

Applying the standards for decision approved in Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, it was found by the Tax Court that the petitioner and his wife and daughter, "acting in good faith and with a business purpose" formed a partnership on April 1, 1943 and held that they carried on the business as partners during the taxable years 1944 and 1945.

It was also found that "no such intent existed as to Richard either on his part or on the part of the other parties." And it was held "that Richard was not a partner in the operation of the business for the calendar years 1944 and 1945." The reason for making this distinction between the wife and daughter and the son, though as capital contributors to the partnership they were on the same footing, is found in the following excerpt from the opinion. "A contribution of capital is just one of all the factors looked at to determine the intent of the parties and is insufficient in itself to find a valid partnership. There is no evidence which indicates an active participation in the business by Richard. On the contrary the evidence seems to show a

694

passive acquiescence in the petitioner's (the donor's) will." Thus it fairly appears that it was held as a matter of law that evidence of capital investment in the partnership was insufficient to support a finding of intent by all concerned that the son should be a partner unless it was also shown that the son actively participated in the conduct of the business. This seems to be the sole ground on which any distinction was made between the partnership status of the wife and the daughter and that of the son.

But the Culbertson case does not require active participation to make a person a partner for tax purposes. On the contrary, it made it clear that no one element is essential. The Supreme Court decided against the taxpayer because the only evidence of an intent to form a partnership was the expectation that the taxpayer's sons would, in the future, contribute their time and services to the partnership. That decision was reached not because an indispensable element was lacking, but because the one element present was not enough to justify a finding of intent to carry on a present partnership. The mere fact that Richard did not actively participate in the business does not preclude the possibility of a bona fide intent to form a partnership. He did contribute capital and this would justify, but not necessarily compel, a finding that there was the requisite intent to make him a partner.

As the Tax Court's finding that there was an absence of intent to make the son a partner was the result of the legal conclusion that capital investment alone is insufficient, we cannot accept the finding as decisive. Without that, it is reasonable to believe that a contrary finding would have been made. Consequently we remand the case for further findings on this point free from any concept that active participation in the business must necessarily have been shown to establish the partnership status of the son.

Reversed and remanded.

CLARK, Circuit Judge (concurring in the result).

I concur in the remand because of the erroneous statement of law below, but

think the trier should be left free to make his new findings as he feels impelled and without any admonition as to their direction or trend.