ESTATE of Mabel COCHRAN, Deceased; Sidney Elmer COCHRAN and Donald Robert Cochran, Executors, and Joseph E. Cochran, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 13147.

United States Court of Appeals Ninth Circuit.

Nov. 12, 1952.

Rehearing Denied Jan. 23, 1953.

Eli Freed and Emmett Gebauer, San Francisco, Cal., for petitioner.

Ellis N. Slack, Acting Asst. Atty. Gen., Charles S. Lyon, Asst. Gen. Counsel, Washington, D. C., A. F. Prescott, Fred E. Youngman and Joseph F. Goetten, Sp. Assts. to Atty. Gen., for respondent.

Before HEALY, BONE, and POPE, Circuit Judges.

PER CURIAM.

Affirmed for the reasons given in the opinion of the Tax Court, entered July 12, 1951, Tax Court docket Nos. 26,266 and 26,267.

On Petition for Rehearing

Rehearing denied.

POPE, Circuit Judge (dissenting).

I believe that a rehearing should be granted.

Our former opinion which, on November 12 last, affirmed the decision of the Tax Court, per curiam, should, I think, be withdrawn. In rendering our former decision we regarded the finding of the Tax Court that there was no valid partnership so far as the two Cochran daughters were concerned, as a determination of a question of fact which was not clearly erroneous. For my part I considered that the proper disposition of the matter was suggested by our decision in Harkness v. Commissioner of Internal Revenue, 9 Cir., 193 F.2d 655, in which we held that the Tax Court's findings on a somewhat similar question of fact were not clearly erroneous.

Upon petition for rehearing it is argued that the findings of the Tax Court here under review themselves disclose that that Court employed an erroneous concept as to the elements which must be present in order to justify a finding of bona fide intent to carry on a present partnership. It is urged that the reliance upon that wrong concept taints the decision, and that we should assume that the Court might arrive at a different finding of fact had the erroneous concept not been employed.

In the Harkness case, supra, we examined a similar argument and after an extensive review of the Tax Court's opinion concluded that the Court had not there misconceived or misapplied the standards laid down in the Culbertson case, Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

The language of the Tax Court to which our particular attention is now called is its statement (following a reference to the fact that the two daughters during the years in question each withdrew for their own personal use profits from the business), as follows: "On the other hand the evidence also showed that neither of them performed any services for the new partnership and their testimony failed to establish the fact that they had any voice in the management and control of the business. Furthermore, their investments of capital in the business did not originate with them but with their parents." [1]

1. The remainder of the opinion upon this point is as follows:

"Petitioner Joseph E. Cochran testified that the reason he made his daughters partners in the business was to afford them treatment equal to that he had shown his sons. While his motive was commendable, the fact remains the evidence fails to show the existence of any business purpose for bringing either of the two daughters into the partnership or that there was a bona fide intent that the two daughters be joined as partners in the business in question. From a consideration of the entire record, we believe and hold that petitioners have failed to meet the burden of proving the reality of the partnership insofar as the Cochran daughters are concerned."

It is contended that the use of this language shows that the Tax Court was assuming that as a matter of law the failure of the daughters to perform services, and the fact that their investments of capital in the business had resulted from gifts from their parents, destroyed the reality of the partnership so far as the daughters were concerned.

In Levin v. Commissioner of Internal Revenue, 2 Cir., 199 F.2d 692, 693, decided on the same day we handed down our former opinion in this case, the court reviewed a decision of the Tax Court relating to a family partnership, in which the Tax Court found that the petitioner's wife and daughter were properly treated as members of a valid partnership but that a son listed as a partner in the partnership agreement could not be so treated. The language used by the Tax Court with respect to the son Richard was: "A contribution of capital is just one of all the factors looked at to determine the intent of the parties and is insufficient in itself to find a valid partnership. There is no evidence which indicates an active participation in the business by Richard. On the contrary the evidence seems to show a passive acquiescence in the petitioner's (the donor's) will." The court held that this portion of the opinion disclosed that it was that Court's concept "that active participation in the business must necessarily have been shown to establish the partnership status of the son." It was pointed out that the Culbertson case makes no such requirement. Accordingly the decision of the Tax Court was reversed and the case remanded for further findings upon the fact question involved, free from the erroneous concept mentioned.

Subsequent to that remand the Tax Court

on December 17, 1952 made supplemental findings of fact in that case to the effect that not only the petitioner but his wife, daughter and son, all in good faith and with a business purpose, created a partnership valid for tax purposes.[2]

It is argued that this recent decision of the Tax Court and that which it rendered in Clarence B. Ford v. Commissioner, on November 12, 1952,[3] sufficiently disclose that were the Tax Court to decide the present case today it would in all probability turn up with a different answer, particularly in the light of the Commissioner's Mimeograph 6767 issued February 19, 1952,[4] and of sundry instances in which determinations of the Tax Court with respect to the bona fides of family partnerships had been upset by the courts.[5]

I think that this case cannot be distinguished from Levin v. Commissioner of Internal Revenue, supra, and because I believe that was a sound decision I would dispose of the matter before us in the same way. It seems to me that alike in both cases, the Tax Court, while recognizing that it must look at "all the factors"[6] and to "the entire record"[7] yet by its language in each case indicated that it had not fully accepted what was decided in the Culbertson case.

I would remand the case to the Tax Court for further findings free from any concept that either the failure of the two daughters to perform services for the partnership or the fact that their investments of capital in the business did not originate with them but with their parents would require or necessitate a decision against the validity of the partnership so far as they are concerned.

---

2. Docket No. 27,236, C.C.H. Dec. 19,-356(M).

3. 19 T.C. ——, No. 29, C.C.H. Dec. 19,289.

4. Internal Revenue Bulletin 7, March 31, 1952.

5. After the decision of the Supreme Court in the Culbertson case the Tax Court again found against the validity of the partnership there in question but this finding was held clearly erroneous, and was set aside in Culbertson v. Commissioner of Internal Revenue, 5 Cir., 194 F.

2d 581. See also Seabrook v. Commissioner of Internal Revenue, 5 Cir., 196 F.2d 322. But cf. Harkness v. Commissioner of Internal Revenue, supra, and Levin v. Commissioner, supra. Note that in the last mentioned case the court was careful to make no final disposition upon the facts but to remand the case for further findings by the Tax Court.

6. This was the language in the Levin case.

7. This was the language in this case, see footnote 1, supra.