Henry W. JAHN, Plaintiff-Appellant,

v.

Rea Forhan PEDRICK, as Administratrix of the goods, chattels, and credits which were of William J. Pedrick, deceased, Defendant-Appellee.

Henry W. JAHN, Plaintiff-Appellant,

v.

Denis J. McMAHON, Director of Internal Revenue, Defendant-Appellee.

Nos. 177, 178, Docket 23814, 23815.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1955.
Decided Jan. 16, 1956.

Samuel Kalmanash, New York City (Wolfe & Kalmanash, New York City) (Morley S. Wolfe, New York City, of counsel), for appellant.

Maurice N. Nessen, Asst. U. S. Atty., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for appellees.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

PER CURIAM.

These consolidated cases are actions for tax refunds arising out of the reallocation by the Commissioner of Internal Revenue of the income of a father and son partnership. The only issue on the trial of the cases before a jury was whether the plaintiff-appellant, Henry W. Jahn, had formed a bona fide partnership in 1943 with his son, Robert. The Commissioner recognized the existence of a partnership as of June, 1946. The factual issue of the bona fides of the partnership prior to June, 1946, was decided against the plaintiff by the jury. Plaintiff contends on this appeal that the court's charge to the jury was erroneous in several respects, that prejudicial errors were committed in the exclusion of evidence, and that the evidence was not sufficient to sustain the jury's verdict.

1. Plaintiff argues that the charge of the court made the rendition of services by the son the sole criterion for the existence of a bona fide partnership. We agree that such a charge would be erroneous, Levin v. Commis-

sioner, 2 Cir., 1952, 199 F.2d 692, but we think plaintiff unfairly distorts the court's charge, which carefully stated that either a bona fide contribution of capital or the rendition of services might justify a finding of intent to create a real partnership. The charge adequately stated the rule of Commissioner v. Culbertson, 1949, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659.

Plaintiff also objects to a portion of the charge leaving to the jury the question of whether a loan of money from Mrs. Jahn to her son, Robert, and which constituted his contribution of capital to the business, was a good faith transaction. We think it clear that the existence and good faith of the loan were relevant to the issue of capital contribution, and hence to the ultimate issue of the existence of a bona fide partnership. The loan was out of funds in the control of the father, it was between family members, there was no payment of interest, and repayment was made out of profits of the business after the Commissioner had questioned the existence of a partnership. Under the circumstances the jury was not required to believe the testimony of Robert Jahn in respect to the loan.

2. Plaintiff contends that the court erred in excluding evidence to show that after Robert left the Merchant Marine in May, 1946, he returned to the business and rendered full-time services. However, evidence to this effect was admitted, and the court's charge not to consider "what transpired after June of 1946" clearly refers, in context, not to the evidence of Robert's later services, but to the argument of plaintiff's counsel that the Commissioner had recognized the partnership after that date.

The exclusion of certain journal entries is also objected to. But this evidence was only cumulative, and, under the circumstances, its exclusion was in the discretion of the trial judge. In any event, exclusion of the evidence was not prejudicial.

3. Plaintiff's final contention that the jury's verdict was against the weight of the evidence is without merit. The verdict is abundantly supported by the evidence.

Affirmed.