## SIMMONS et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 11972.

Circuit Court of Appeals, Fifth Circuit.

Nov. 4, 1947.

Robert Ash, of Washington, D. C., for petitioners.

Theron L. Caudle, Asst. Atty. Gen., Irving I. Axelrod, Sewall Key, Helen R. Carloss and Robert N. Anderson, Sp. Assts. to the Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

LEE, Circuit Judge.

This case is before us on four petitions for review of decisions of the Tax Court, and each involves petitioner's income-tax liability for the year 1943. The question posed by each petition is whether the petitioner is taxable with the income accruing to his wife during the taxable year from two partnerships known as Simmons Brothers and Simmons Company, in each of which petitioner's wife was a partner. The issue in each petition being the same, the four petitions were consolidated by order of this Court for argument and decision. The statutes involved are set forth in the margin.[1] The pertinent facts as found by the Tax Court may be summarized as follows: The taxpayers are brothers, and are mutually interested in a number of businesses or enterprises located in Georgia and

---

[1] Internal Revenue Code:

"Sec. 22. Gross income

"(a) General definition. 'Gross income' includes gains, profits, and income derived from salaries, wages, or compensation for personal service, * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *"

26 U.S.C.A. Int.Rev.Code, § 22.

26 U.S.C.A. Int.Rev.Code, § 3797.

"Definitions

"(a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof— * * *

"(2) Partnership and partner. The term 'partnership' includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate or a corporation; and the term 'partner' includes a member in such a syndicate, group, pool, joint venture, or organization."

"Section 183, Computation of partnership income.

"(a) General Rule. The net income of the partnership shall be computed in the same manner and on the same basis as in the case of an individual * * *." 26 U.S.C.A. Int.Rev.Code, § 183.

Florida. They own all of the stock of the Elberta Crate & Box Company, which in turn owns all of the stock of the Southern Crate & Veneer Company. These corporations are engaged in the manufacture of wood crates and containers for packing fruits, vegetables, and other commodities. Both companies have been operated by petitioners or members of their families for a number of years. The Elberta Crate & Box Company has a plant at Bainbridge, Georgia, which is managed by D. R. Simmons, and another plant at Tallahassee, Florida, managed by Jack W. Simmons. The Southern Crate & Veneer Company, located at Macon, Georgia, is managed by William P. Simmons. Jack and D. R. Simmons own 42 per cent each of the stock of the Elberta Crate & Box Company, while Thomas R. and William P. Simmons own 8 per cent each.

In 1937, the four petitioners purchased a veneer mill located at Cottondale, Florida, and organized a partnership under the name of Simmons Brothers to operate it. Their percentage interests in this partnership were the same as their holdings in the Elberta Crate & Box Company stock. In 1939, they organized another partnership under the name of Simmons Company to operate a veneer mill at Tennille, Georgia. Their percentage interests in this partnership were just the reverse of those in the Simmons Brothers partnership; that is, Thomas R. and William P. Simmons owned 42 per cent each, and D. R. and Jack W. Simmons owned 8 per cent each. Both of these partnerships manufactured single ply veneers of the type used by Elberta Crate & Box Company and Southern Crate & Veneer Company in the manufacture of packing boxes. They supplied those corporations with all of their veneer materials, and sometimes had a small surplus which they sold to the public.

In 1941, the partners decided to take their wives into the partnerships. Each partnership was dissolved and a new partnership formed which took over the assets of the old; and in the partnerships, as re-formed, the partners transferred varying interests to their wives. In the Simmons Brothers partnership, Jack W. and D. R. Simmons each transferred a portion of his fractional interest to his wife, and Thomas R. and William P. transferred their entire fractional interests to their wives. There were then six partners in the re-formed Simmons Brothers, whose interests were as follows: Jack W. Simmons, 12%; Sarah Scott, wife, 30%; D. R. Simmons, 21%; Ellen Carswell, wife, 21%; Elizabeth, wife of Thomas, 8%; and Betty, wife of William, 8%. In the re-formed Simmons Company, Thomas R. and William P. each transferred a portion of his fractional interest in the old partnership to his wife, and Jack W. and D. R. transferred their entire fractional interests to their wives, so that in the new partnership the interests of the six partners were: Thomas R. Simmons, 16%; Elizabeth Burney Simmons, wife, 26%; William P. Simmons, 16%; Betty Sweet Simmons, wife, 26%; Sarah Scott Simmons, wife of Jack W. Simmons, 8%; and Ellen Carswell Simmons, wife of D. R. Simmons, 8%.

Simmons Brothers was managed by an employee, while Simmons Company was managed by Thomas R. Simmons with only advisory assistance from the other petitioners or their wives.

The public with whom the partnerships did business was notified of the change in the partnerships. The names of the partners and their respective interests were registered under the trade names statute of the State of Florida. F.S.A. § 865.09. All of the taxpayers filed gift tax returns for 1941, but only one of the returns, that of Jack W. Simmons, disclosed any tax liability.

The plant of Simmons Brothers, located at Cottondale, Florida, was destroyed by fire in January, 1942, and the insurance proceeds, together with other liquid assets, were reinvested in a new plant located at Arlington, Georgia.

Petitioners' wives did not perform any services of any consequence on behalf of either of the partnerships, either before or after they became partners, and did not participate to any extent in their management. The wives all filed income tax returnes for 1943, in which they reported their distributable shares of income from Simmons Brothers and Simmons Company.

The Tax Court held that the transfer by the taxpayers to their wives did not meet the test laid down in Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679, and Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 537, 90 L.Ed. 670, 164 A.L.R. 1135; and, approving the Commissioner's determinations, held that all of the income from the partnerships was taxable to the taxpayers as their interests appeared in the old partnerships. The petitions for review followed.

The issue before us may be divided into three sub-heads: (1) Can partnership income be taxed to those petitioners who had, prior to the taxable year, conveyed part of their fractional interests in the partnerships to their wives? (2) Can partnership income be taxed to those petitioners who had, prior to the taxable year, conveyed all of their fractional interests in the partnerships to their wives? (3) Did the reinvestment in the new Arlington plant of insurance proceeds from the destroyed Cottondale plant amount to an investment of independent capital by the wives who were partners in Simmons Brothers?

■ A transfer by a husband to his wife of an interest in a partnership may be valid for all purposes of local law, but may not be effective for federal income tax purposes. In Commissioner v. Tower, supra, the Court said: "There can be no question that a wife and a husband may, under certain circumstances, become partners for tax, as for other, purposes. If she either invests capital originating with her or substantially contributes to the control and management of the business, or otherwise performs vital additional services, or does all of these things she may be a partner as contemplated by 26 U.S.C., §§ 181, 182, 26 U.S.C.A. Int.Rev.Code, §§ 181, 182. The Tax Court has recognized that under such circumstances the income belongs to the wife. * * * But when she does not share in the management and control of the business, contributes no vital additional service, and where the husband purports in some way to have given her a partnership interest, the Tax Court may properly take these circumstances into consideration in determining whether the partnership is real within the meaning of the federal revenue laws."

■ When Jack W. and D. R. Simmons transferred to their wives parts of their fractional interests in Simmons Brothers they became, for all purposes of the local law, partners with their wives in Simmons Brothers. So also when Thomas R. and William P. Simmons transferred to their wives parts of their fractional interests in Simmons Company, they became for all purposes of the local law partners with their wives in Simmons Company. The question, however, is whether they became partners with their wives for tax purposes. We think not.

■ The evidence supports the Tax Court's findings that the wives invested no new capital in the partnerships and made no substantial contribution of time or services. Hence these transfers, as to the income tax liability of the brothers for the income from the partnerships in which they were respectively interested, fall squarely within the holding in Lusthaus v. Commissioner, supra, and in Commissioner v. Tower, supra.

■ Those cases, however, have no application to the transfers by Jack to his wife and by D. R. to his wife of their entire interests in the Simmons Company; nor to the transfers by Thomas R. to his wife and by William to his wife of their entire interests in Simmons Brothers. Under local law none of those transfers made the wives partners with their husbands. In each case, the petitioner, in conveying his entire interest, severed all connection with the partnership. His wife thereafter was the sole owner of the interest. She was the partner in the partnership, not he.

To say that there is no difference in principle between a gift by the taxpayer to his wife of a part of his interest in a partnership and a gift of the whole of that interest is to ignore realities.

The gift of only a part of his interest left undisturbed the taxpayer's economic interest in the partnership. Thereafter as before, he had the same supervision and control; he still continued to speak for the joint interest. But the gift of his whole interest removed the petitioner altogether

from the partnership. Following the transfer the taxpayer had no vestige of right or control in the partnership, and it is undisputed that he in fact exercised none.

No law prevents a taxpayer from making a valid gift to his wife of a partnership interest, and where, as here, he thereby divests himself of all interest and connection with the partnership, he may not thereafter be taxed with partnership income accruing to his wife, the real partner. Only partners incur income tax liability for partnership income.

The destruction by fire of Simmons Brothers' plant in January, 1942, did not operate to liquidate Simmons Brothers. The partnership continued in existence. After the fire, the plant was represented by the proceeds of the insurance. This money was used by Simmons Brothers as its own fund to build a new plant in a new location. There is no merit in the contention that, to the extent of their interest, the investment in the new plant represented independent capital placed in Simmons Brothers by the taxpayers' wives.

The decision of the Tax Court as to each petition is modified to the extent that such decision holds each petitioner liable for partnership income in the partnership in which he transferred his entire fractional interest to his wife prior to the tax year; otherwise the decision is affirmed.