## HENSON v. COMMISSIONER OF INTERNAL REVENUE.

No. 12546.

United States Court of Appeals
Fifth Circuit.

June 3, 1949.

Herbert Johnson, Atlanta, Ga., for petitioner.

L. W. Post, Ellis N. Slack, Special Assts. to Atty. Genl., Theron Lamar Caudle, Asst. Attorney General, Charles Oliphant, Chief Counsel, Bur. Int. Rev., Washington, D. C., John M. Morawski, Spl. Attorney, Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

This is an appeal from a decision of the Tax Court sustaining a deficiency assessment against petitioner on income taxes alleged to be due for the year 1943.

The question presented is whether the Tax Court properly held $22,348.78 profit of the J. M. Henson Company for the period from August 1, 1943, to December 31, 1943, was taxable to petitioner as his income, even though on the former date he had executed a valid and complete gift of this Company to his wife.

The material facts are without dispute, and reveal that petitioner and his wife were married in the year 1925, and reside in Atlanta, Georgia. Sometime prior to August 1, 1943, petitioner became the owner of two business concerns known as the J. M. Henson Company, a baker's supply business, and the Dairy and Ice Cream Supply Company. The two businesses were located in the same building, used the same offices, equipment, bookkeeper and stenographic help, but did not have the same salesmen or customers. Separate sets of books were kept and different letterheads were used, and the inventories and bank accounts were maintained separately. There were three other people besides pe-

titioner who shared in the profits of the Dairy and Ice Cream Supply Company, while petitioner alone received the profits of the J. M. Henson Company.

On August 1, 1943, petitioner conveyed to his wife, a woman of little business experience, his entire ownership and interest in the J. M. Henson Company. On the same day, Mrs. Henson wrote their bank in Atlanta a letter giving petitioner, her husband, authority to sign checks, drafts and notes for the company.[1] Later, petitioner filed an affidavit with the clerk of the county court, stating that his wife was the sole owner of the business. A similar notice was published in a paper of general circulation throughout the county. In 1944, petitioner filed a gift tax return, disclosing the gift of this Company to his wife, and paid the gift tax thereon. His wife also filed a donee's information return, and paid the tax on income earned by the Company from the date of the gift until the end of the year 1943.

After August 1, 1943, the J. M. Henson Company continued to operate under substantially the same conditions and under the same name, except that petitioner was retained by his wife as manager of the company at a salary of $300.00 per month, which was substantially the same amount he had withdrawn for his services prior to the transfer. He maintained a personal account for himself and charged his expenses to it. His wife had no office in the place of business and was not normally consulted as to its operation and direction. Petitioner alone drew checks on the Company's bank account, in accordance with the grant of such authority from his wife. However, it is undisputed that after the date of the transfer, which was admittedly a bona fide gift and effective to pass title to the property under Georgia law, that petitioner's wife was the sole and absolute owner of the Company, with no strings attached. She had the right and absolute power to dispose of it by gift, sale, or will. She further had the power to borrow money on account of the business, and to employ and discharge managers or other company employees at will, although she never saw fit to exercise her prerogative in the latter respect during the tax year involved. Under and by virtue of the gift to his wife, petitioner had irrevocably divested himself of all legal title, right, interest, and control over the business, and remained as manager of the Company solely at his wife's pleasure. In fact, it appears that since March 1, 1944, or shortly thereafter, petitioner has no longer managed the Company, nor has he drawn any salary whatever from the Company account for his services, at least insofar as this record reveals.

We are of opinion the Tax Court erred in holding petitioner taxable on the income from the Company after he had executed an absolute gift of such business to his wife. Blair v. Commissioner, 300 U.S. 5, 11, 12, 57 S.Ct. 330, 81 L.Ed. 465; Hardymon v. Glenn, D.C., 56 F.Supp. 269, 273; Simmons v. Commissioner, 5 Cir., 164 F.2d 220, 223; Kent v. Commissioner, 6 Cir., 170 F.2d 131, 133. This case involves a valid and unconditional gift, complete and effectual for all purposes, and is clearly distinguishable from those family partnership tax cases relied upon by the Commissioner. Cf. Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679; Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670, 164 A.L.R. 1135.

The Tax Court has evidently, in its decision, failed to recognize the distinction between actual control over income-producing property with consent of the true owner, and the absolute right of control over both the property and the income derived therefrom which adheres in a valid and legal title. The controlling question in such cases is, therefore, not whether actual control over the property is exercised, but whether the right of control in fact exists; not who earns the income from such property, but who has the right to receive it. Cf. Werner v. Commissioner, 7 T.C. 39.

---

[1] It is without dispute that after receiving such notice the bank would not lend money to the Henson Company unless the notes were signed by Mrs. Henson.

Every owner of a business, particularly those of limited business experience, has the undoubted right to have it managed by another, even though that person be married to the owner. Moreover, every husband has a legal right to create a valid gift of his property in favor of his wife without being held liable for the income tax thereon, provided, of course, there are no conditions attached which would enable him to retain a legal dominion and control over the property, or to revoke the transfer. No such conditions are found to exist here. In this case, the wife was no partner, but became the undisputed and absolute owner of the business, under and by virtue of the gift from her husband. Under such circumstances, the income therefrom was taxable to her alone, and not to the petitioner. Simmons v. Commissioner, 5 Cir., 164 F.2d 220, 223; Hardymon v. Glenn, D.C., 56 F.Supp. 269, 273; Edson v. Lucas, 8 Cir., 40 F.2d 398; Pearce v. Commissioner, 315 U.S. 543, 554, 62 S.Ct. 754, 86 L.Ed. 1016.

It follows that the decision of the Tax Court should be, and the same is hereby

Reversed.