### HENSLEE v. WHITSON et al.
### No. 11538.

United States Court of Appeals
Sixth Circuit.
Dec. 19, 1952.

Fred E. Youngman, Washington, D. C., Ellis N. Slack, Robert N. Anderson and Fred E. Youngman, Washington, D. C., Ward Hudgins and Dick L. Johnson, Nashville, Tenn., on brief, for appellant.

Cecil Sims, Nashville, Tenn., W. W. Berry, (of Bass, Berry & Sims, Nashville, Tenn.), of counsel, for appellees.

Before SIMONS, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for refund of unlawfully collected taxes based upon a deficiency assessment resulting from a redistribution by the Collector of partnership income. Judgment was entered upon a directed verdict for the taxpayer and the Collector appeals.

Prior to July 1, 1944, John H. Whitson, Walter L. Whitson, his brother, and Morrison L. Lowe had, for many years, conducted a lumber business in Cookeville, Tennessee, as a partnership under the name of Cookeville Planing Mills, John II. Whitson having a 14/32nd interest in the firm, Walter a 14/32nd interest and Morrison L. Lowe a 4/32nd interest. At the time of the trial John was seventy-five years old and Walter seventy-three years of age. On July 1, 1944, Walter executed three separate trust agreements, one for the benefit of his sister Fannie Whitson Carlan, another for the benefit of his sister Mary Alice Whitson Lowe, wife of Robert Lowe, and the third for a brother Harvey Thurman Whitson. Each trust instrument named John H. Whitson as trustee and in each was conveyed a 2/32nd interest in the partnership. John H. Whitson executed a similar trust agreement for the benefit of his wife Myrtle Whitson, his sisters Mrs. Lowe, Mrs Carlan, and his nephew Harvey Whitson, naming himself as trustee and conveying an 8/32nd interest in the partnership. Morrison L. Lowe assigned to his wife Flossie Jared Lowe a 2/32nd interest. A partnership agreement was entered into upon that date between John H. Whitson, individually, and as trustee, Walter L. Whitson, individually, and as trustee, Morrison L. Lowe and Flossie Jared Lowe.

The three trusts created by Walter Whitson were identical and each was irrevocable. The trustee was authorized to become a general partner in the partnership and to keep the funds of the trust estate invested therein, and to share in the profits and losses of the business. He was to exercise all of the rights, duties and liabilities of a partner, authorized to carry on the business to be conducted by the other partners, and to be liable only for failure to exercise reasonable business judgment regarding management. It was contemplated that the Cookeville Planing Mills would continue to operate but if operation resulted in substantial loss to the estate he was authorized and empowered to terminate the partnership, withdraw the

funds of the trust estate therefrom and invest them in other suitable property. The trust instrument executed simultaneously by John H. Whitson was similar in material respects.

The only claim of error here briefed and argued was that the court was wrong in directing the verdict for refund. It should have submitted an issue as to the intent of the trustees and others to enter into a valid partnership. The taxpayers presented substantial evidence of such intent and its subsequent execution. The Collector presented no evidence contra. He conceded the gifts were valid. He argued, however, that the partnership was not for a business purpose because the execution of the trust instruments were motivated by a purpose of the Whitsons to secure the future of the beneficiaries. In reliance upon the fortuitous language of Commissioner of Internal Revenue v. Tower, 327 U.S. 280, 66 S.Ct. 532, 536, 90 L.Ed. 670, when the existence of a partnership is challenged the question arises "whether the partners really and truly intended to join together for the purpose of carrying on business", and also argued that the trust agreements were for the purpose of redistributing family income so as to reduce family taxes. It cannot be doubted, however, upon this record, that the new partnership had a business purpose and it was the continuation and operation of the Cookeville Planing Mills. Within the reasoning of Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, the partners joined their money, goods, labor, or skill, for the purpose of carrying on a trade, profession, or business, with a community of interest in the profits and losses. The trustees contributed the trust estates to the capital of the partnership. The reality of the firm is not questioned. See Miller v. Commissioner, 6 Cir., 183 F.2d 246; Lawton v. Commissioner, 6 Cir., 164 F.2d 380; Kent v. Commissioner, 6 Cir., 170 F.2d 131; Thompson, Collector v. Riggs, 8 Cir., 175 F.2d 81.

In Mimeograph 6767, reported in 52 5 C.C.H. § 6116, it was declared that the Bureau does not adhere to the position that there is an absence of required business purpose if a gift or other antecedent family transaction does not benefit the business in some way and an individual may give, or sell interests in a business to members of his family. The only question is whether the individual has really done so. There is no issue, based upon evidence, to submit to the jury, either as to the intent to form the partnership or as to its reality. There was not error in the direction of the verdict.

The argument advanced below, that a trustee may not become a member of a partnership, appears to have been abandoned. If not, it must be rejected. Miller v. Commissioner, supra, Thompson v. Riggs, supra, Greenberger v. Commissioner, 7 Cir., 177 F.2d 990.

The judgment below is,

Affirmed.