WOFFORD
v.
COMMISSIONER OF INTERNAL
REVENUE.

COMMISSIONER OF INTERNAL
REVENUE
v.
WOFFORD.
No. 14225.

United States Court of Appeals
Fifth Circuit.
Nov. 18, 1953.

Harry Friedman, C. Leo DeOrsey, Washington, D. C., for petitioner.

F. E. Youngman, Atty. Dept. of Just., H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Acting Asst. Atty. Gen., Charles W. Davis, Chief Counsel, Bur. Int. Rev., John M. Morawski, Sp. Atty. Bur. Int. Rev., Washington, D. C., Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent.

·Before HUTCHESON, Chief Judge, and BORAH and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

These two petitions seeking a review of the decision of the Tax Court, one filed by the taxpayer and one by the Commissioner, involve claimed deficiencies in income taxes for the fiscal years ending June, 1941, 1942, and 1944.

The taxpayer's petition presents two substantial questions for our decision. One of these is whether the Tax Court erred in holding and deciding that the petitioner and his wife as trustees for their minor daughter were not members of the partnership which in the fiscal years, 1942, 1943, and 1944, operated the Tatem Hotel property. The other is whether if it did not err in so holding, it did err in taxing to petitioner and his wife the whole of the net income received from the operation of the hotel instead of allocating to the trust either the one-third of the income from the operation of the hotel which petitioner and his wife individually and as trustees had agreed should be, and which had been, allocated to it, or such an amount less than that as the Tax Court determined was attributable to the trust as earned by it, based upon the value of the use or rental value of the trust's one-third interest.

The Commissioner's petition presents the question whether amounts paid during the taxable year in behalf of the taxpayer as transferee of a corporation liquidated in a prior year were ordinary losses under Section 23(e) (2) of the Internal Revenue Code or capital losses under Section 117, 26 U.S.C.A. §§ 23(e) (2), 117. The Commissioner contended that they were capital losses. The taxpayer contended, and the Tax Court agreed, that they were ordinary losses.

The matters presented for our decision come up in this way: The Commissioner, rejecting the claims made in the individual returns of taxpayer and his wife and their returns as trustees, that during the years in question taxpayer and his wife as trustees were in partnership in the conduct of the hotel business conducted under the name of Tatem, determined: that all of the income was earned by petitioner; and that, instead of being

taxed one-third to petitioner, one-third to his wife, and one-third to the trust, the whole of the net income should be taxed to him. He also disallowed the claim of petitioner as deductions of amounts paid by him as transferee of a liquidated corporation.

In his petition and amended petition filed in the Tax Court, in addition to attacking as erroneous the Commissioner's determination (a) that petitioner and his wife were not in partnership, and (b) that petitioner and his wife and petitioner and his wife as trustees were not in partnership, petitioner assigned as error (1) the determination of the Commissioner that the net income of the hotel business was taxable in full to the petitioner and (2) his failure to determine that petitioner and Patrica Wofford and the Margaret Wofford Trust, as joint owners, were each taxable on one-third of the income from the operation of the hotel.

The facts came in without dispute, and the Tax Court's holding and decision that petitioner and his wife individually constituted the partnership and that he and his wife as trustees were not members of it, as well as its ruling and decision that petitioner and his wife must be taxed with all the income from the property without allocation of any of it to them as trustees was not based upon a resolution of conflicting evidence but upon the determination of the effect of undisputed evidence.[1]

■ Examining the findings of the Tax Court in the light of this record, as they relate to the contentions of the taxpayer, we think it clear that it cannot be said of the Tax Court's finding against petitioner's first claim, that the trust was a member of the Tatem Hotel partnership, that it was clearly erroneous and must be set aside. Cf. Alexander v. Commissioner, 5 Cir., 194 F.2d 923.

1. This showed, and the Tax Court found, that the taxpayer and his then wife, Patrica Wofford, built the Tatem Hotel in Miami Beach in 1938, with joint funds, and thereafter until Dec. 31, 1941, operated the hotel as partners. On that date the taxpayer and his wife created a trust for their daughter, then 12 years of age, by warranty deed conveying to themselves as trustees an undivided one-third interest in the real estate situated in the city of Miami Beach, the land and building on and in which the Tatem Hotel operations were conducted. Simultaneously they executed a written declaration of trust declaring that they had received and were holding the property so conveyed as trustees for their daughter as beneficiary. The deed and declaration of trust were duly recorded.

The trust instrument provided that the trustees were to receive and collect the principal and income from the estate and they were to pay or accumulate, use, invest, hold, apply and distribute the same for, or for the use of, the beneficiary. The declaration of trust further provided that the entire net income received from the trust estate "as it represents an undivided one-third interest in an operating business and as such may not be available for distribution" should be used, first for payment of the indebtedness encumbering the trust estate and to be ac-

cumulated for subsequent distribution to the daughter. The trust was to continue until the beneficiary should obtain the age of thirty years.

While there are some discrepancies and contradictions in the terms of the trust, it is sufficient to say of it that, as was found by the Circuit Court of Dade County, pursuant to a petition filed by petitioner and his wife individually and as trustee for the minor beneficiary, the warranty deed of Dec. 31, 1941, was in effect a conveyance of the beneficial interest to themselves as trustees of an undivided one-third interest in the real estate. This construction necessarily followed from the declaration in the trust instrument that the beneficiary had interest in the earnings, avails, and proceeds and the other statement that the income to be recovered by the trust represents an undivided one-third interest in an operating business. While the books and records of the business and the income tax returns showed that one-third of the income from the operation of the hotel was attributed to the Trust, there was no proof of any formal or definite agreement that the trust was a partner, indeed except as it might be inferred from the allocation of the income between the three interests, there was no evidence that it was a partner.

When it comes, however, to petitioner's second contention, that the Tax Court erred in taxing the whole of the net income to petitioner and his wife instead of taxing to the trust such part of it as was properly attributable to the one-third interest in the properties owned by the trust, we think its holding and decision was without support in the evidence, indeed was directly contrary to it. For whether the income from the operation of the property properly taxable to the petitioner and his wife should be ascertained by allocating to the interest of the trust in the property a portion of the income as income, the fruits of its interest in the property, and therefore, attributable to it as income, or should be ascertained by allowing to the trust the value of the use of the property, that is its rental value, with a corresponding credit to the petitioners from that allowance, is immaterial. In substance the result would be the same, and taxation goes by substance and not by shadow.

In a similar situation and upon evidence far less compelling than that presented here, we have recognized and given effect to income allocations to the interest in property which created the income. Of the many cases where we have done this, it is sufficient to cite: Greenspun v. Commissioner, 5 Cir., 156 F.2d 917; Simmons v. Commissioner, 5 Cir., 164 F.2d 220; Henson v. Commissioner, 5 Cir., 174 F.2d 846; Alexander v. Commissioner, 5 Cir., 190 F.2d 953; Phillips v. United States, 5 Cir., 193 F.2d 132, and Alexander v. Commissioner, 5 Cir., 194 F.2d 921.

The reliance by the Commissioner on our case of Batman v. Commissioner, 5 Cir., 189 F.2d 107, as holding to the contrary of this, will not do. There the controversy was centered upon the question greatly argued, whether the evidence showed an agreement making Gerald, the son, a partner with his father so as to give him a one-third partnership interest in his father's business. In the Tax Court's opinion, dealing with taxpayer's alternative claims that the Commission-

er had erred; (n) in failing to allow a deduction for the reasonable value of services rendered to the partnership by Gerald Batman; (o) in failing to allow a deduction for the rental or use value of Gerald's lands used by the partnership; and (p) in failing to allow a deduction for profits realized from grain and cattle owned by Gerald and sold by the partnership; the Tax Court allowed claim (o), the rental claim, and denied claims (n) and (p) not in principle but upon findings which the record supported.

These, as to claim (p) were that the facts in evidence did not enable it to make a finding as to how many of Gerald's cattle were sold in the two years and how much profit was derived from their sale. As to claim (n), they were that while Gerald did render some services to his father and the nature of the services had been described in the findings under Issue No. 1, there was not sufficient evidence from which it could make a finding as to their value. This court approved as correct the Tax Court's findings in respect to each of these three matters. Particularly did this court agree fully as to absence of proof of the value of Gerald's services.

Here, from the very beginning the parties, in dealing with the value of the use of the hotel property, had agreed and acted upon the agreement that the income value of the interest contributed by the trust was one-third of the net profits, and the books were kept and income tax returns made throughout on that basis. The very fact that there was no written or otherwise definite agreement, as found by the Tax Court, that the trust should be a partner with the usual incidents of a partnership, a sharing of the profits and of the losses, makes it clear, we think, that the parties at all times understood that the value of the contribution made by the trust to the income bearing venture would be one-third of the net income, and that they were not particularly concerned beyond that basic agreement in the details of it.

These facts plus the undisputed fact that the trust contributed to the venture the use of its one-third interest, while, in view of the Tax Court holding, not sufficient to establish a partnership, were ample as a basis for a finding as to the value in terms of income of the contribution the trust made. There was, therefore, evidence upon which the Tax Court could have allotted to the trust the interest in the income which the parties had agreed to give it. Whether this should be called rent, or the value of the use, it was certainly the measure of what the parties had agreed would entitle it to one-third of the net income.

This is not to say that the Tax Court was compelled to accept their agreement, as to the value of the use or rental value if, under all the facts of record, the agreed amount was excessive, Cf. Greenspun v. Commissioner, supra. It is to say, though, that upon the rejection by the Tax Court of the claim of partnership, it was incumbent upon it to determine the value to the business of the use of the one-third interest owned by the trust and upon this basis reallocate the income attributed to petitioner by giving full effect to that determination.

█ There remains for consideration the question presented by the Commissioner's petition, and only a portion of that, for it is conceded by the taxpayer that the Arrowsmith case (Arrowsmith v. C. I. R.), 344 U.S. 6, 73 S.Ct. 71, decided after the Tax Court's decision came down, requires a reversal of its opinion and decision in respect to one of the items, the taxes which taxpayer paid as transferee.

As to the other two items, the accounting and legal fees, while the taxpayer contends that the Arrowsmith doctrine has no application to these items, neither in his brief nor oral argument did he undertake to present any reasons why this is so. We cannot see any. The Commissioner's brief, on the contrary, makes it clear that the Arrowsmith case, in affirming the Second Circuit's hold-

ing [2] in the case and in disapproving the Third Circuit's holding in Commissioner v. Switlik, 184 F.2d 299, settled the law in favor of the Commissioner's contention here as to all the items.

The decision and order of the Tax Court denying petitioner's alternative claim to relief and its order allowing as ordinary losses the items paid by taxpayer as transferee are reversed and the cause is remanded to the Tax Court for further and not inconsistent proceedings with respect to these issues.