**WEST et al.**

v.

**COMMISSIONER OF INTERNAL REVENUE.**

No. 14771.

United States Court of Appeals Fifth Circuit.

June 30, 1954.

Davis W. Morton, Jr., Ellis N. Slack, Hilbert P. Zarky, Alonzo W. Watson, Sp. Assts. Atty. Gen. Dept. of Justice, Washington, D. C., H. Brian Holland, Asst. Atty. Gen., Washington, D. C., Kenneth W. Gemmill, Acting Chief Counsel Bureau Int. Rev., John M. Morawski, Sp. Atty., Washington, D. C., for respondent.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

HUTCHESON, Chief Judge.

This petition is brought by taxpayers to review a decision and order of the Tax Court,[1] written by Judge Turner but reviewed by the court, four judges dissenting,[2] which concluded and held: that Pleasant W. West, as trustee of several trusts, was not entitled, as a partner in West Bros., a retail mercantile partnership business, or otherwise, in the years 1945, 1946, 1947 and 1948, to the share of the income earned by the business which was allocable and allotted to his interests as trustee, but the taxpayers were; and redetermined deficiencies in their taxes accordingly. It presents for our decision the single question: whether the Tax Court erred in answering the question, "Whose is the income from the trust interests?"

William H. Bronson, Shreveport, La., Tucker, Bronson & Martin, Shreveport, La., of counsel, Katherine Brash Jeter, Shreveport, La., for appellants William D. West et al.

Petitioners, by brief and oral argument, point out that all the facts of record were either stipulated or testified to without dispute, and, setting out in their brief the controlling facts[3] as the Tax

---

1. 19 T.C. 808.

2. "Black, J., dissenting: 'I respectfully dissent from the majority opinion on the authority of Commissioner v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659. See also the recent decision of the Sixth Circuit in Henslee v. Whitson, 6 Cir., 200 F.2d 538.'
   "Arundell, Van Fossan, and Johnson, JJ., agree with this dissent."
   To which we may add Alexander v. Commissioner, 5 Cir., 190 F.2d 753; Ardolina v. Commissioner, 3 Cir., 186 F. 2d 176; Ginsburg v. Arnold, 5 Cir., 185 F.2d 913; Henslee v. Whitson, 6 Cir., 200 F.2d 538; Marcus v. Commissioner, 5 Cir., 201 F.2d 850; Miller v. Com-

missioner, 6 Cir., 203 F.2d 350; Nicholas v. Davis, 10 Cir., 204 F.2d 200; Seabrook v. Commissioner, 5 Cir., 196 F.2d 322; Tomlinson v. Commissioner, 5 Cir., 199 F.2d 674; Turner v. Commissioner, 5 Cir., 199 F.2d 913; Visintainer v. Commissioner, 10 Cir., 187 F.2d 519; Wofford v. Commissioner, 5 Cir., 207 F. 2d 749.

3. The Tax Court found as a fact in the instant case that:
   Capital was an important income-producing factor in the business of West Brothers.
   The good will value of the business of West Brothers has been twice recognized by the government and has been taxed on

Court's opinion finds them to be, insist that the dissenting opinion is in accordance with and follows, the majority opinion is in direct conflict with and does violence to, the settled law as declared by the Supreme Court in the Culbertson case and in the great number of circuit court cases that have followed.

They, therefore, urge upon us: that the conclusion, "The petitioners and the other active partners did not, in good faith and acting with a business purpose, intend to join together with the trustee in present conduct of the mercantile business carried on by the partnership in the name of West Brothers", finds no support in the record, indeed is a complete distortion of it; and that, if it is regarded as a finding of fact, it is mere fiating, and, if as a conclusion of law, it is completely erroneous.

They insist that this is another case like Scofield's[4] was, where, instead of approaching the determination and decision of the over all question, "Whose is the income?" on the basis of the controlling facts, Commissioner and Tax Court have approached it, with a predisposition to give the situation a label and a name which, once affixed, will, by begging the question, produce the assumed, the desired, conclusion. They insist, in short, that Commissioner and Tax Court, without a single fact upon which to base their determination, by labelling the arrangement under which the income was earned by the trust, "a spurious family partnership", seek to separate the income from its owner, the fruits from the tree.

Pointing to the stipulated and uncontradicted proof that there were valid gifts to the trustee of the interests in the business and that a valid partnership *in commendam* under LSA-Civil Code, Art. 2849, to the extent of those interests was actually formed and maintained throughout the whole period in question, they urge upon us that the facts proven and found by the Tax Court leave in no possible doubt that whether the relation-

---

at least two different occasions by the government in connection with the interests in the business transferred to the trusts.

Formal Acts of Donation in Irrevocable Trusts were executed by the parent-donor of the percentages of capital interest in West Brothers and formal consents were executed by the members of the partnership and that the change in ownership was reflected on the books of the partnership.

Gift tax returns were duly filed.

An independent trustee, qualified by past experience in banking and other business, was named by the trust instruments and given broad powers.

Termination of the trusts for sons were fixed for age 27, for daughters at expiration of longest period permitted by Louisiana law with discretion in trustee to terminate any of the trusts with court approval, after beneficiary reached 23, if in the opinion of the trustee, the beneficiary were capable of administering the property then held.

The trustee never loaned any of the money in any of the trusts to the donor-parents.

No portion of the funds of the trusts were used during 1943–1948 to discharge the parental obligations of the donor-parents to the children.

From 1943 through 1947, 77.4% of the profits of the partnership have been distributed to the partners, including the trustee of the five trusts, on the basis of their exact capital ratios.

Independent investments, not in the family business, of substantial amounts of the funds in trust were made by the trustee during the period in question.

After each beneficiary reaches 21 years of age, trustee is required to pay to that beneficiary, out of income and/or principal, annually an amount of not less than $1200, or more than $5000.

The trustee has maintained books and records for the trust in his own office.

The trustee has attended every annual meeting of West Brothers since his appointment.

Services furnished by the parent-donors to the business of West Brothers were compensated by salary and bonus allowances which were deducted from partnership net profits before the distribution of profits as such.

Two of the four surviving beneficiaries of the trusts have come into the business upon completing their education and have risen to the positions of assistant store managers.

4. Scofield v. Mauritz, 5 Cir., 206 F.2d 135.

ship of the owners of the capital, in this large business, in which capital was a dominant factor, be labelled as that of partners, or as that of joint owners of the properties and businesses which produced the income, the result is the same. This result is that since the interests in the property and enterprises which produced the income involved in this case belonged in fact and in law to the individuals and the trustee in the proportions fixed in and by their instruments and dealings, the attribution by the Commissioner and the Tax Court of all the income to the brothers was a distortion of the undisputed facts, a misapprehension and misapplication of the law and contrary to the truth and right of the case.

They point to the fact too that, though stating that it would not do so, the Tax Court, as it did in the Marcus case,[5] undertook, to, and did, determine the matter at issue on the basis of the objective tests of the Tower and Lusthaus cases,[6] though these concepts no longer find warrant in the decided cases. So pointing, taxpayers call to our attention the comment of the Tax Court upon the fact that no new capital came into the business. "Mere legal title to capital acquired by gift alone changed hands, West Brothers, its assets, and its business were unchanged".

Finally, they point out that the Tax Court fell into the same error into which it fell in the Marcus case, when, contrary to the law governing partners *in commendam* or in limited partnership who have no right to participate in the conduct of the business or exercise management of it, the Tax Court declared as an indication that the partnership was not genuine, "There was no intention that P. W. West, Trustee, should have or exercise rights of management or control over the capital interest, legal title to which was conveyed or purportedly conveyed to him. He did not participate as a partner in the present conduct of the business".

As further evidence of the judge's preoccupation,[7] with his idea, that all that was being accomplished by the gifts of the interest in the business and the creation of the partnership *in commendam* was a reduction of the tax burdens of the partners, and that since it was conceded that the arrangement had effected a considerable savings in the taxes of the general partnership, no business purpose was served by it, and the arrangement was a sham, attention is called to his inability to understand and his attitude toward Mr. West's testimony as to the business results and advantages of creating a partnership *in commendam*. These, as Mr. West testified to them were: (1) the trusts would not be subject, as the general partners were, to a general liability for the debts of the partnership; (2) the part of the profits belonging to their interests which were drawn from the business annually and invested elsewhere would be taken en-

---

5. Marcus v. Commissioner, 5 Cir., 201 F.2d 850.

6. Commissioner v. Tower, 327 U.S. 280, 66 S.Ct. 532, 90 L.Ed. 670; Lusthaus v. Commissioner, 327 U.S. 293, 66 S.Ct. 539, 90 L.Ed. 679.

7. At page 213 of the Record, the judge asked this question:
   "Let me ask you this: Are you going to have any proof to show that the beneficiaries were managing the partnership in any way?"
   Mr. Bronson: "Oh, no."
   The Court: "Well, now, their participation, then, the record will show that is in the profits, I assume?"
   And again at pp. 291, 292, and 293, after Mr. West had testified to his reasons for creating the partnership *in commendam*, the court said: "Here is what I mean: You say you have set up a trust and the profits are drawn down and they are set aside in a trust. Now, you say that is safe and that removes it from hazards. Now suppose that instead of saying that this trust is to be open, never part of the business, you would set up a trust with part of the profits you had drawn down, and then each year when you drew down profits, you would put part over in this trust. As far as the funds in the trust are concerned, wouldn't it be—or would it be any different as to their safety or hazard?
   "I am just asking you if you see wherein their is any difference in it. To me, there isn't."

tirely out of the hazards of it; and (3) they felt that by giving the children this interest and setting up a trust in the partnership, this would give them a business to go in business in when they are old enough to take care of it.

On his part, the Commissioner urges upon us that whatever the record might have shown in other cases as to the attitude of the Tax Court in its approach to, and decision of, family partnership cases, this time the record affirmatively shows that the Tax Court did not decide the case upon the use of objective tests but squarely upon the test laid down in the Culbertson case, whether the taxpayers in good faith and acting with a business purpose intended that the trustee of the trust should join together with them as a partner *in commendam* in the present conduct of their mercantile business.

Because the decision that the trustee and the partners did not join together in good faith as partners is entirely without basis in the facts, we cannot at all agree that in this case the Tax Court has followed and applied the law as the Culbertson case and those following it have laid it down. *There is no evidence that the general partners did not in good faith enter into partnership with Pleasant W. West as Trustee.* All the evidence, record and otherwise, showed that the arrangement as a whole was entered into for the business purpose of divesting the general partners of interests in the business, and at the same time forming a partnership in respect of it *in commendam* with the trustee to whom they had conveyed the interests.

In fact and in law they acted, in forming the limited partnership, with as much, indeed with the same, business purpose and effect as if the arrangement had been made with a stranger to whom they had sold an interest. No one could contend that if the general partnership had sold an interest in the business to a stranger and he had been made a partner *in commendam*, the profits which accrued to his share would be chargeable to the general partners as their income. Unless objective tests, which have long been discarded, are allowed to dominate the thinking of the decider as they did here, the findings and conclusions that there was no good faith partnership here are clearly erroneous, indeed unreasonable.

While correctly insisting that generally the question of partnership *vel non* is one of ultimate fact and that where there is evidence reasonably supporting the finding the Tax Court's finding will not be set aside unless clearly erroneous, the Commissioner incorrectly disregards the fact that all the facts are stipulated or undisputed, that the only inference that can be drawn in this case is an inference of law, and that it is not permissible to draw any inference from these facts except the one which, on their face, they compel, that the income from the interests of West, Trustee, the partner *in commendam*, was the income of the trustee and not that of the general partners.

In holding as it did: "The changes which occurred in West Brothers were superficial, West Brothers, its assets, its business were unchanged", the Tax Court simply made statements which, if considered as fact findings, were mere fiating, and if as conclusions of law, were completely erroneous.

In holding that there was no intention that the trustee should exercise rights of management or control over the capital interest or should participate in its management, and that his only participation was that of receiving so much of the profits as the brothers should decide to distribute and pay over to him, the Tax Court indeed finds facts, but facts which have no legal bearing in this case because the ownership by the trust of the interest in the partnership and the very nature of the partnership *in commendam* required this.

In its final statement, that "By the formalities indulged in, the petitioners merely provided themselves with a name backdrop for the distribution of the profits which they themselves realized from the operation of West Brothers in such manner and at such times as they desired, just as they were at liberty to do before", the Tax Court made assertions

which, treated as fact findings, are completely contradicted by the record and by the Tax Court's own findings and, as conclusions of law, are wholly unfounded except upon the unwarranted assumption that because by the gift to the trustee and the creation of this limited partnership, the partners obtain a benefit at once for their children and for themselves, it must be held that the transaction was not in good faith but a sham.

The reliance of the Tax Court on the Scherf and Batman cases [8] from our court will not do. As the opinion in Scherf's case shows, that case was expressly decided by the Tax Court and affirmed by us on the now discarded theory that the Tower and Lusthaus cases required either new capital originating with the new partner or services rendered by him, and on the findings of the Tax Court that these requisites had not been complied with. Batman's case involved a small farmer and his fourteen year old son and a claimed oral arrangement. The opinion affirming the Tax Court was based upon findings by it, which, in view of the meager and ambiguous nature of the testimony offered in support of the claim of partnership we felt that we could not disturb. In neither of these cases, however, was it held that a partner must furnish both capital and services. In them, as was later again pointed out in the Culbertson case, a partnership was treated as an organization for the production of income to which each partner contributes *one* or both of the ingredients of income, capital or services.

What the Tax Court has done in this case is in effect to add to the word "capital", as used in the Culbertson opinion, and the partnership cases generally, as one ingredient, the qualifying adjective, "new", or the qualifying phrase "originating with the new partner". As we, and other courts including the Supreme Court, have so many times said, this will not do.

8. Scherf v. Commissioner, 5 Cir., 161 F. 2d 495; Batman v. Commissioner, 5 Cir.,

The decision of the Tax Court is erroneous. It is reversed with directions to disallow the deficiencies.

189 F.2d 107, certiorari denied 342 U.S. 877, 72 S.Ct. 167, 96 L.Ed. 659.