LeMiee, /., dissenting: The majority view sustains the respondent’s determination that the income of the Jacksonville Blow Pipe Company is taxable in its entirety to the petitioner, apparently upon the principle that income is taxable to the person who earns it. Cf. Robert E. Werner, 1 T. C. 39. I am unable to agree that the rule invoked is properly applicable to the facts in this case. The record establishes that on October 14, 1940, the petitioner sold the business he conducted under the name of the Jacksonville Blow Pipe Company to his wife for the sum of $4,000. The consideration paid was from the personal funds of the wife. On the same day the petitioner executed a deed and bill of sale of all his right, title, and interest in and to the real and personal property, excluding the accounts receivable and covenanting that all debts had been paid. With the reserved accounts receivable and the consideration received for the transfer the petitioner paid the then outstanding debts of the business. There were no strings attached to the transfer. So far as this record reveals both parties intended that the legal title and beneficial interest in the property were to pass to the wife as absolute owner. The inference drawn in the majority opinion, that the $4,000 purchase price was a mere loan by the wife to the petitioner herein, appears to me to be unwarranted and without evidentiary support. The fact that the transfer was motivated by the existence of a contingent liability as the result of a negligence suit does not render the transaction invalid as between the parties or as to others except existing lienors. The Government was not a creditor at the time of the transfer nor was the transfer a device for defrauding the Treasury, After the execution and recording of the instruments of transfer on October 14, 1940, the petitioner’s wife was the absolute owner of the property and could dispose of it as she saw fit, subject only to the rights of the existing lienor in the event of procuring a judgment. The fact that the book value of the assets transferred was greater than the consideration paid is of little significance, since the transfer would have been valid in law if it had been made by way of gift. While it is true that the success of the business to a considerable extent was attributable to the technical knowledge and skill of the petitioner and that capital was a secondary attribute, the business was a manufacturing establishment employing a personnel of approximately 20 in the taxable years in question and was not purely a personal service enterprise. In my opinion the majority view fails to recognize the distinction between actual control over income producing property with the consent of the true owner and the absolute right of control over the property and income which adheres in a valid legal title. I am inclined to the view that the case of Robert E. Werner, supra, is distinguishable and that the facts in the instant case bring it within (.lie ambit of Henson v. Commissioner, 174 F. 2d 846, wherein the court said: The controlling question in such cases is, therefore, not whether actual control over the property is exercised, but whether the right of control in fact exists; not who earns the income from such property, but who has the right to receive it. *** Cf. Willis H. Vance, 14 T. C. 1168; Hilda M. Royce, 18 T. C. 761. I, therefore, dissent from the conclusion of the majority. Tietjens, J., agrees with this dissent.