Roy C. WHAYNE, Appellant,

v.

Seldon R. GLENN, Collector of Internal Revenue for Kentucky, Appellee.

No. 12273.

United States Court of Appeals
Sixth Circuit.

May 31, 1955.

James W. Stites, Jr., Louisville, Ky. (Thomas J. Wood, Stites, Wood, Helm & Taylor, Louisville, Ky., on the brief), for appellant.

Walter B. Langley, Washington, D. C. ('H. Brian Holland, Ellis N. Slack, A. F. Prescott, Washington, D. C., J. Leonard Walker, Louisville, Ky., on the brief), for appellee.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

## PER CURIAM.

This is an income tax case arising out of a family partnership. Appellant sued the Collector of Internal Revenue for a refund of the additional income tax which he was required to pay as a result of the Commissioner's refusal to recognize the status of appellant's wife as a partner in the firm. The district court upheld the action of the Commissioner, and appeal is taken from the judgment entered.

Appellant and his brother had operated as partners since 1915. In 1940, appellant transferred to his wife a 15% interest in the partnership, and, under a stipulation, it is conceded that the new partnership agreement was entered into by the partners in good faith and was thereafter considered by them to govern their rights in the partnership. The gift of the 15% interest was reported upon a gift tax return, and a gift tax was assessed in the amount of $5,889.59, and paid. When the interest of 15% was first transferred by appellant to his wife, there were restrictions upon her participation and right to withdrawal of profits; but all restrictions were removed by the amendment of the partnership agreement in 1942. At the time of the gift of her partnership interest, as well as after the removal of the above mentioned restrictions in 1942, Mrs. Whayne was the owner, in her own right, of large real estate interests which had previously been transferred to her by her husband; and such interests were, of course, subject to the claims of creditors of the partnership.

The court found that the transfer of the partnership interest by the husband to the wife was for the purpose of creating a separate estate for her; but the court concluded that the wife's partnership interest was not created for a business purpose and, therefore, was taxable to the husband.

The partnership was not a personal service company, but, on the other hand, the source of its profits and success largely depended upon the investment of capital.

In order to constitute a valid partnership interest under the federal tax laws, it is not necessary that outside capital be invested for a wife's share in a family partnership, and it is not required that she render service therein, especially where the success of the company depends upon invested capital rather than upon the personal participation of the partners in the business. As has been said, "there seems to be no reason why a husband's irrevocable gift to his wife of a partnership interest should not make her a partner even though she contributes no services. The determining question is whether the husband and wife really intend to carry on the business as copartners". Miller v. Commissioner of Internal Revenue, 6 Cir., 183 F.2d 246, 253. See also Kent v. Commissioner, 6 Cir., 170 F.2d 131; Wenig v. Commissioner, 85 U.S.App.D.C. 216, 177 F.2d 62.

The new partnership, upon the admission of Mrs. Whayne, obviously had a business purpose, which was the continuation and operation of the partnership business, and in this regard, it should again be noted that the transaction greatly increased the amount of the assets liable to claims of creditors of the partnership. Henslee v. Whitson, 6 Cir., 200 F.2d 538.

The district court found that all times relevant to the case before us, Mrs. Whayne had the same legal rights and liabilities as did the other partners with respect to the firm. This seems clearly a holding that Mrs. Whayne was the legal owner of the 15% partnership interest which her husband transferred to her. If the ownership is real, it does not matter what motivated the transfer or whether or not the business profited from the entrance of the new partner. Alexander v. Commissioner, 5 Cir., 194 F.2d 921.

It is our conclusion that the partnership was a bona fide partnership entitled to recognition as such by the Commissioner. Appellant is not liable for income tax on his wife's income from the partnership.

In accordance with the foregoing, the judgment is reversed and the case remanded to the district court for further proceedings not inconsistent with this opinion.