**J. C. CHRISTOPHER and Mrs. J. C. (Jeanette) Christopher, Appellants,**

v.

**Ellis CAMPBELL, Jr., District Director of Internal Revenue, Appellee.**

No. 15355.

United States Court of Appeals Fifth Circuit.

June 8, 1955.

Wentworth T. Durant, A. E. Aikman, Earle B. Mayfield, Jr., Dallas, Tex., for appellants.

Jerome Fink, Special Asst. to Atty. Gen., Ellis N. Slack, H. Brian Holland, Asst. Atty. Gen., John C. Ford, Asst. U. S. Atty., Dallas, Tex., Hilbert P. Zarky, Special Asst. to the Atty. Gen., Heard L. Floore, U. S. Atty., Fort Worth, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

HUTCHESON, Chief Judge.

Another family partnership case, having its beginnings before this court had written Culbertson v. Commissioner, 5 Cir., 168 F.2d 979, affirmed in principle in Commissioner of Internal Revenue v. Culbertson, 337 U.S. 733, 69 S.Ct. 1210, 93 L.Ed. 1659, and the long series of cases following and applying the doctrine there laid down, the suit was for the refund of income taxes overpaid for the years 1946 and 1947.

The claim was: that the commissioner had erroneously rejected plaintiffs'

claim that in the tax years in question their son, James, about thirteen years old, was a member of a family partnership, the Amarillo Motor Co., and, as such, was entitled to one-third of its profits; and that, based on that rejection, he had improperly assessed to plaintiffs all of its profits.

The answer, admitting that the commissioner had refused to recognize it for tax purposes, denied that the alleged partnership had existed, and that, in refusing to recognize it and assess taxes accordingly, the commissioner had erred.

The case was tried to the court without a jury, on plaintiffs' part, upon testimony of plaintiffs and their son which consisted mainly of the often repeated conclusions of plaintiffs that almost from James' birth they had considered him as their business associate and partner and had counted on him for, and received from him, vital services as such.

There was also a showing that in their individual tax returns for the tax years in question, plaintiffs and James had each returned for taxes one-third of the profits of the Amarillo Motor Co., that when in 1947 it was decided to incorporate the business, the three Christophers joined in a bill of sale from the partnership and were named as directors of the corporation, and that when later on the corporation was sold, James received one-third of the profits of the sale.

There was no evidence from any source that any articles of partnership, written or oral, were ever entered into or agreed upon, and from James' testimony it is quite evident that in the years in question no agreement of any kind had been made with him, and that if his parents had undertaken to make one for him, he was entirely unfamiliar with it in substance or in detail.[1]

On this evidence, which amply supported his conclusion, the district judge found that the claim for refund had not been made out, and gave judgment for the Director.

Plaintiffs, appealing from the judgment, are here urging upon us that the facts: that the partnership returns recognized James as a partner; that he joined in the bill of sale to the corporation; and that he received one-third of the stock of the corporation; compel the conclusion that during the tax years he was a member of a valid partnership for tax purposes in that, under the controlling rule, he contributed either capital or services, or both, to it, and that the district judge erred in finding and concluding that the claim of partnership was not made out.

In addition, appellant puts forward here a claim not made below either before the commissioner or in the trial of the case, that the question of partnership vel non aside, the undisputed evidence shows: that the ownership of the capital was a controlling factor in the earning of profits by the Amarillo Motor Company; that James was the owner of one-third of the capital which produced, and therefore of one-third of, the income; and that the law imperatively required that that one-third be assessed to him as the fruits of his interest and to no one else.

---

1. After testifying that he was in the sixth grade in 1946, that he had at no time had any knowledge of bookkeeping, that he never saw the books, he was asked, "Did you ever understand exactly how much money you were supposed to be receiving and undertake to see whether it was being set aside for you?" to which he answered, "No, Sir."

Q: "And the earnings of the partnership during the years 1946 and 1947, you testified you drew nothing from them except the amounts required to pay your income taxes?"

A: "Yes, Sir."

Q: "So all you got from the earnings of the partnership was stock in the corporation?"

A: "Yes."

Q: "The net profits of the business were to be divided on the ⅓ and ⅔ basis?"

A: "There wasn't too much profit then."

Q: "Whatever there was, was to be divided ⅓ and ⅔?"

A: "I don't know."

■ We cannot agree with either of appellants' contentions. This is not a case as West v. Commissioner, 5 Cir., 214 F.2d 300, 302, and similar cases were, where the trier, the tax court, having labelled the situation under review a " 'spurious family partnership' ", had proceeded to separate the income from its owner, the fruits from the tree which bore them.

It is, on the contrary, a case like Batman's, Scherf's and Saenger's were, where the taxpayer thought, by the magic of affixing the label "partnership" to the facts, to attribute results to them taxwise which did not legally and logically follow.

The argument of the taxpayers, when reduced to its final analysis here, comes, we think, to no more than this, that, because it is undisputed that the son was paid one-third of the profits from the business, he must be regarded as a partner. This is the kind of reasoning which was flatly repudiated in Lucas v. Earl, 281 U.S. 111, 50 S.Ct. 241, 74 L.Ed. 731; Scherf v. Commissioner, 5 Cir., 161 F.2d 495, 497, and Batman v. Commissioner, 5 Cir., 189 F.2d 107, 110. It is the kind of reasoning too, which, if accepted, would destroy the very principle on which taxation goes. This is, that income must be taxable to him who earns it, and not to another, that, as to tax consequences, income may not be separated from the tree which bore the fruits by any process of reasoning, such as advocated here, which would permit the mere possession of the fruits to supply the necessary proof that the possessor likewise owned the tree from which they fell.

■ On its second point, appellants stand no better, indeed not as well. This is so both because the claim not having been made anywhere below is merely an afterthought for which no predicate has been laid, and it may not, therefore, be urged here, and, because, if we should consider and test it out, it would assay no more than the first claim. It will not do, then, as appellants do, to invoke our cases of Alexander v. Commissioner, 5 Cir., 190 F.2d 753; Phillips v. Commissioner, 5 Cir., 193 F.2d 132, and Wofford v. Commissioner, 5 Cir., 207 F.2d 749.

The judgment was right. It is Affirmed.